2017 ND 35

**In the MATTER OF the ESTATE OF Steven H. HARRIS**

**Bruce G. Harris, Petitioner and Appellant**

v.

**Mary K. Harris, Respondent and Appellee**

**In the Trust of Steven H. Harris Testamentary Trust**

**Bruce G. Harris, Petitioner and Appellant**

v.

**Mary K. Harris, Respondent and Appellee**

No. 20160084, No. 20160085

Supreme Court of North Dakota.

Filed 2/28/2017

Zachary E. Pelham, 314 E. Thayer Ave., P.O. Box 400, Bismarck, N.D. 58502–0400, for petitioner and appellant.

David A. Tschider, 418 E. Rosser Ave., Ste. 200, Bismarck, N.D. 58501–4046, for respondent and appellee.

McEvers, Justice.

[¶ 1] Bruce Harris appeals a district court's order denying his N.D.R.Civ.P. 60(b) motion to vacate a judgment entered consistent with stipulations Bruce Harris entered into with the trustee and personal representative of Steven Harris's trust and estate. Bruce Harris argues the district court abused its discretion by not vacating the judgment for lack of mutual assent, misrepresentation, and fraud. He also argues the district court failed to apply a rebuttable presumption of undue influence when a trustee engages in a transaction with a trust beneficiary under N.D.C.C. § 59–18–01.1. We conclude the district court did not abuse its discretion by denying Bruce Harris's motion to vacate, and affirm the district court's order.

I

[¶ 2] These cases relate to the estate and trust of Steven Harris. Steven Harris's Last Will and Testament was probated in Burleigh County district court in 2001. Steven Harris's Will created the "Steven H. Harris Trust A" and the "Steven H. Harris Trust B." Trust A was funded with various assets including interests in oil and gas and is the focus of this appeal. Under the terms of the trust, Mary Harris, Steven Harris's wife, was to receive all of the income for her support and maintenance and, upon her death, the remaining principal of the trust would be distributed to Steven Harris's children or their issue. Steven Harris's surviving children, Terry, Wayne, and Bruce Harris, and Kyle Harris, the child of a deceased sibling, are

beneficiaries of the trust. Mary Harris was nominated and appointed as personal representative of the estate. Mary Harris was subsequently appointed trustee.

[¶ 3] In July 2010, Bruce Harris petitioned for a trust accounting and for the appointment of a successor trustee. Bruce Harris also started a separate action for a probate matter involving Steven Harris's estate. In the trust case, Bruce Harris claimed the trustee failed to provide trust financial documents to the beneficiaries, Mary Harris was incompetent to act as trustee, and Terry Harris's company had engaged in an improper transaction with the trust by leasing oil and gas interests held by the trust. A hearing was originally scheduled for December 11, 2013, but it was continued until December 4, 2014. At the hearing, the parties put in the record two stipulations entered into pertaining to Steven Harris's estate and trust. Under the terms of the stipulations, Bruce Harris was authorized to retain a professional to review and perform examinations of financial and other records of the trust, subject to signing a confidentiality agreement. At the December 4, 2014, hearing, the district court asked Bruce Harris if he understood and agreed with the terms of the stipulations he had signed. Bruce Harris stated on the record he understood the terms and understood he had the right to review the documents he was concerned with under the stipulated terms. The district court entered an order on stipulation for the estate case, and a judgment on stipulation for the trust case.

[¶ 4] In February 2015, Bruce Harris, self-represented, moved to vacate the judgment. After he moved to vacate, Bruce Harris filed a substitution of counsel on February 24, 2015. At the June 10, 2015, hearing, represented by new counsel, Bruce Harris requested the trust and estate cases be heard together, and the trus-

tee did not object. After the hearing, the district court denied Bruce Harris's motion to vacate, stating he failed to provide clear and convincing evidence of fraud or misrepresentation that induced him to sign the stipulations. Bruce Harris appealed.

## II

[¶ 5] Bruce Harris argues the district court abused its discretion by denying his motion to vacate under N.D.R.Civ.P. 60(b)(3) and (6). According to Bruce Harris, his motion to vacate should have been granted on the grounds he established a lack of mutual assent, misrepresentation, and fraud.

[¶ 6] "[R]elief from judgment under N.D.R.Civ.P. 60(b) is extraordinary relief and should be granted only in exceptional circumstances." Grinaker v. Grinaker, 553 N.W.2d 204, 207 (N.D.1996) (citing Soli v. Soli, 534 N.W.2d 21, 23 (N.D.1995)). "[A] Rule 60(b) motion 'is not to be used to relieve a party from free, calculated, and deliberate choices,' and 'a party remains under a duty to take legal steps to protect his own interests.'" Kukla v. Kukla, 2013 ND 192, ¶ 25, 838 N.W.2d 434 (quoting Follman v. Upper Valley Special Educ. Unit, 2000 ND 72, ¶ 11, 609 N.W.2d 90). "'A mere recitation of the grounds set forth to Rule 60(b), N.D.R.Civ.P., without specific details underlying such assertions, is not sufficient to afford relief.'" Hatch v. Hatch, 484 N.W.2d 283, 286 (N.D.1992) (quoting Fleck v. Fleck, 337 N.W.2d 786, 790 (N.D.1983)). "We will not overturn a trial court's decision on a motion for relief from judgment absent an abuse of discretion." North Shore, Inc. v. Wakefield, 542 N.W.2d 725, 727 (N.D.1996). "A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process

leading to a reasoned determination." Rebel v. Rebel, 2013 ND 164, ¶ 13, 837 N.W.2d 351.

[¶ 7] "If the judgment sought to be set aside is entered pursuant to a stipulation of the parties, the party challenging the judgment under Rule 60(b), N.D.R.Civ. P., has the additional burden of showing that under the laws of contract there is justification for setting the contract aside." Peterson v. Peterson, 555 N.W.2d 359, 361 (N.D.1996) (citing Soli, 534 N.W.2d at 23). The court may vacate a judgment under N.D.R.Civ.P. 60(b)(3), if the stipulation on which the judgment relies was induced by fraud, misrepresentation or other misconduct of an adverse party. Id. at 362. The court may also vacate a judgment under N.D.R.Civ.P. 60(b)(6) for any other reasons justifying such relief. Id. In clarifying the interpretation of the language of a stipulation incorporated into a consistent judgment, we held: "When a settlement agreement is merged into a judgment, the agreement is interpreted and enforced as a final judgment and not as a separate contract between the parties." Silbernagel v. Silbernagel, 2011 ND 140, ¶ 11, 800 N.W.2d 320 (citing Silbernagel v. Silbernagel, 2007 ND 124, ¶ 10, 736 N.W.2d 441).

[¶ 8] "To create an enforceable contract, there must be a mutual intent to create a legal obligation." Lire, Inc. v. Bob's Pizza Inn Restaurants, Inc., 541 N.W.2d 432, 434 (N.D.1995) (citing N.D.C.C. §§ 9-01-02; 9-03-01). "A valid contract requires parties capable of contracting, consent, a lawful object, and sufficient consideration." Valentina Williston, LLC v. Gadeco, LLC, 2016 ND 84, ¶ 16, 878 N.W.2d 397 (citing N.D.C.C. § 9-01-02; Lund v. Lund, 2014 ND 133, ¶ 10, 848 N.W.2d 266). "The parties' consent must be free, mutual, and communicated to each other." Valentina, 2016 ND 84, ¶ 16, 878 N.W.2d 397 (citing N.D.C.C. § 9-03-01; Lund, 2014 ND 133, ¶ 10, 848 N.W.2d 266).

A

[¶ 9] Under N.D.R.Civ.P. 60(b)(3), Bruce Harris had the burden "to establish, by clear and convincing evidence, that the adverse party obtained the judgment through fraud, misrepresentation, or misconduct." See Dvorak v. Dvorak, 2001 ND 178, ¶ 10, 635 N.W.2d 135. Under his N.D.R.Civ.P. 60(b)(3) argument, Bruce Harris challenges the actions of the parties leading up to the formation of the stipulations, not the language of the stipulations themselves. Bruce Harris claims he was induced into signing the stipulations by misrepresentations and fraud. He argues the district court erred by not concluding he established a lack of mutual assent to the stipulations. According to Bruce Harris, his lack of assent is evidenced through his statements expressing he had not received requested documents provided for in the stipulations.

[¶ 10] The district court considered the transcript of the December 2014 hearing when it asked Bruce Harris if he understood the terms of the stipulations, and that he had a right to review the trust records:

> The Court: And, Bruce, you are represented by Mr. Delmore. You can certainly ask him any questions, but you understand the terms of the stipulation, and you're in agreement with the stipulation that's been signed?
>
> Mr. Harris: I understand the terms of it, yes. My concern was that I have not been provided records and requested repeatedly the information that we were provided was never the entire information related to the topic that we asked for, and it's just been like pulling teeth to try [sic] get in, understand what's happening, review.

The Court: Okay—

Mr. Harris: We're all in the same business the three of us, and we're all in our areas of expertise recognize but my concern is that after repeated requests for accountings, repeated requests for things, they were not being provided even in discovery or what happened.

The Court: Without knowing or getting into the nature and extent of the types of records you're talking about, you do understand, I think everybody understands, that you do have a right to review the records under the stipulation.

Mr. Harris: Yes, I do. The problem in part is I live in Montana now. It's very expensive for me to come back here and after much trips back to do the reviews, I have not reviewed anything yet in spite of what's been represented by the other side.

The Court: Okay. Thank you. Well, based on those representations, the Court will accept the stipulations, and we'll grant the petition for an order approving accounting and then if you will prepare an appropriate order in both of these matters, I will sign those orders.

Bruce Harris contends his comments at the hearing should be construed liberally to show he was objecting to the terms of the stipulations. Bruce Harris knew he had not been provided records when he represented to the court he understood the terms of the stipulations. On this record, the district court did not abuse its discretion in concluding Bruce Harris failed to provide clear and convincing evidence that he did not willingly assent to the terms of the stipulations when he entered into them and has not shown justification to set them aside exists warranting Rule 60(b) relief.

## B

[¶ 11] Bruce Harris argues the district court abused its discretion in failing to vacate on the grounds he signed the stipulations based on misrepresentations in an affidavit from Terry Harris entitling him to relief under N.D.R.Civ.P. 60(b)(3). Bruce Harris argues he relied on Terry Harris's statement that:

[O]ther than the transfers to the Steven H. Harris Family Limited Partnership expressly described herein, and other than minor occasional 'curative' conveyances, he personally has not and has no knowledge or information to suggest that any of the TRUST corpus a) minerals, b) royalty interests, and/or c) other similar corpus assets, as listed on the Steven H. Harris Federal Form 706, have been conveyed, transferred, sold or assigned to any third party or entity.

Bruce Harris claims there has been property transferred out of the trust, and this affidavit was a misrepresentation that caused him to sign the stipulations. The district court ruled:

[Bruce Harris] also contends that he was induced to sign the stipulation by fraud and/or misrepresentation in the Affidavit of Terry Harris. However, [Bruce Harris] did not articulate the nature of the alleged fraud or misrepresentation, or how this influenced his decision to sign the stipulation other than to state that reports were not timely.

[¶ 12] Bruce Harris claims he has made numerous requests to the trust for accounting documents, and the trust has failed to provide any documents to him. However, Bruce Harris fails to point to any evidence in the record proving he made these requests. As the district court stated in its order denying Bruce Harris's motion to vacate, even if he had made requests, the proper action would have been to request the district court for an

order to show cause why the trustee should not be held in contempt for violating the judgment. The district court did not abuse its discretion in determining Bruce Harris failed to show by clear and convincing evidence, he was induced to sign the stipulations on which the judgment was entered based on fraud or misrepresentation and, therefore, was not entitled to relief under N.D.R.Civ.P. 60(b).

C

[¶ 13] Bruce Harris argues his attorney led him to believe he had the right to object to the stipulations if done within the time frames set forth in the stipulations, but the judgment was entered before the time to object had expired. It is unclear whether Bruce Harris makes this argument under N.D.R.Civ.P. 60(b)(3) or (6). Bruce Harris does not argue he was misled by either Mary Harris or Terry Harris. Rule 60(b)(3), N.D.R.Civ.P., only applies to actions by an opposing party. Because Bruce Harris claims his own attorney misled him, we conclude he brings this claim under N.D.R.Civ.P. 60(b)(6). Rule 60(b)(6), N.D.R.Civ.P., is a " 'catch-all' provision that allows a district court to grant relief from a judgment for any other reason that justifies relief." Meier v. Meier, 2014 ND 127, ¶ 7, 848 N.W.2d 253. In his N.D.R.Civ.P. 60(b)(6) argument, Bruce Harris challenges the language of the stipulation, not the actions of the parties leading up to the formation of the stipulations. "When a settlement agreement is merged into a judgment, the agreement is interpreted and enforced as a final judgment and not as a separate contract between the parties." Silbernagel, 2011 ND 140, ¶ 11, 800 N.W.2d 320 (citing Silbernagel, 2007 ND 124, ¶ 10, 736 N.W.2d 441). In Silbernagel, we explained the standard of review for interpreting a judgment entered consistent with the terms of an agreement:

The legal operation and effect of a judgment must be ascertained by a construction and interpretation of its terms, and this presents a question of law for the court. If the language used in a judgment is ambiguous there is room for construction, but if the language employed is plain and unambiguous there is no room for construction or interpretation, and the effect thereof must be declared in the light of the literal meaning of the language used.

2011 ND 140, ¶ 11, 800 N.W.2d 320 (quotation marks omitted) (citation marks omitted).

[¶ 14] Bruce Harris filed an "Objections to Certifications of Trust Accountings" inside the agreed time frame. While we agree the judgment was entered before the time to object had expired, the argument is without merit. The right to object unambiguously set forth in the stipulations was not the right to object to the stipulations themselves, but to object to the information to be delivered, the financial statements and tax returns. Paragraph ten of the district court's "judgment on stipulation" is a verbatim recitation of terms set forth in both stipulations which state:

The Trustee shall cause a copy of the TRUST 2013 financial information, including financial statements and the TRUST Federal Income Tax Return, to be delivered to Bruce's attorney within ten (10) days of the date of this Stipulation. Bruce shall have twenty (20) days to review and to file objections, if any, to said financial statements and Federal Income Tax Return with the clerk of Court. The failure to file such objections within said twenty (20) day time period, time being of the essence, shall be finally and conclusively deemed as a waiver by Bruce of his right to object to such financial statements and Federal Income Tax Return.

Bruce Harris could object to the financial information provided by the trustees no more than thirty days after signing the stipulation. However, there is no language in the stipulations and judgment that would invalidate the entire agreement based on his objections to the financial information. Entry of the judgment did not preclude Bruce Harris from enforcing his rights under the terms of the stipulations and judgment.

[¶ 15] In its order denying Bruce Harris's motion to vacate, the district court noted the appropriate remedy for Bruce Harris would not be vacation of the judgment, but an order to show cause:

> If petitioner has not been provided documents which he should have been provided under the terms of the stipulation and judgment, the appropriate remedy would not be vacation of the judgment under Rule 60(b), but rather an order to show cause why the respondent should not be held in contempt for failing to comply with the judgment. Petitioner is not entitled to Rule 60(b) relief for any failure by the respondents to provide documents.

We agree. See Kukla, 2013 ND 192, ¶ 25, 838 N.W.2d 434 (holding that "a Rule 60(b) motion is not to be used to relieve a party from free, calculated, and deliberate choices," and "a party remains under a duty to take legal steps to protect his own interests").

[¶ 16] Bruce Harris argues his previous attorney told him he would be found in contempt if he backed out of the stipulations on December 4, 2014. Bruce Harris also argues he signed the stipulations, but refused to date them because he understood the stipulations would not be given to the trustee until the terms were fulfilled. At the June 2015 hearing, Bruce Harris alleged the trustees' attorney dated the stipulations after he signed them.

[¶ 17] In its order denying Bruce Harris's motion to vacate, the district court noted his attorney did not testify at the December 2014 hearing. The transcript of the June 2015 hearing on the motion to vacate reflects Bruce Harris's previous attorney was present at the hearing but did not testify. The district court concluded:

> Bruce Harris has failed to provide clear and convincing evidence that he was induced by fraud or misrepresentation into signing the stipulation upon which the December 12, 2014 judgment was entered. He has not established that he is entitled to the extraordinary relief of vacation of the judgment of either Rule 60(b)(3) or 60(b)(6).

The district court's assessment of Bruce Harris's claims of misrepresentation by his own attorney are supported by the record. We conclude the district court did not abuse its discretion by denying Bruce Harris's motion to vacate under N.D.R.Civ.P. 60(b)(6).

## III

[¶ 18] Bruce Harris argues the district court abused its discretion by failing to apply a rebuttable presumption of undue influence under N.D.C.C. § 59–18–01.1. Section 59–18–01.1, N.D.C.C., states:

> A transaction between a trustee and the trust's beneficiary during the existence of the trust or while the influence acquired by the trustee remains by which the trustee obtains any advantage from the trust's beneficiary is presumed to be entered by the trust's beneficiary without sufficient consideration and under undue influence. This presumption is a rebuttable presumption.

The district court failed to address this presumption in its order denying Bruce Harris's motion to vacate. Bruce Harris relies on Estate of Bartelson to support his argument a rebuttable presumption of

undue influence exists because he is a beneficiary of the trust, and the trustee entered into a contract with him. See 2015 ND 147, ¶ 1, 864 N.W.2d 441.

[¶ 19] In Bartelson, the parties entered into a stipulation governing the rights of the parties in dealing with an estate. Id. at ¶ 3. There, the transaction was not with the trustee directly. Id. at ¶ 18. We still applied the presumption to parties in a confidential relationship together, stating "[t]his presumption applies not only to transactions involving trustees, agents, and attorneys-in-fact, but also to all transactions involving confidential relationships." Id. at ¶ 16 (citing Estates of Vizenor, 2014 ND 143, ¶¶ 26–27, 851 N.W.2d 119). We held "[u]nder North Dakota law, a presumption of undue influence must be applied to any transaction between a trustee and the trustee's beneficiary in which the trustee gains an advantage." Bartelson, at ¶ 16 (citing Estate of Robinson, 2000 ND 90, ¶ 9, 609 N.W.2d 745). We reversed and remanded based on evidence of unaccounted-for withdrawals. Bartelson, at ¶ 19. "Because she assumed a confidential relationship and subsequently made numerous withdrawals from Ralph Bartelson's checking account, the district court is required by N.D.C.C. § 59–18–01.1 to apply the presumption of undue influence to these transactions[.]" Id.

[¶ 20] For this appeal, we assume, without deciding, that the statutory presumption under N.D.C.C. § 59–18–01.1 applies. Here, unlike Bartelson, the district court found Bruce Harris failed to show, by clear and convincing evidence, any separate monetary transactions in dispute. Bruce Harris's undue influence argument is based only on this statutory presumption after he voluntarily entered into stipulations with the trustee while represented by counsel. We conclude the statutory presumption of undue influence under N.D.C.C. § 59–18–01.1 is rebutted, as a matter of law, when a beneficiary of a trust, represented by independent counsel, enters into a stipulation with a trustee, and the trust's beneficiary acknowledges in open court he understands the terms of the stipulation. While the district court failed to address this presumption, we are able to discern from the record that the district court did not misapply the law. See Interest of Spicer, 2006 ND 79, ¶ 8, 712 N.W.2d 640 (holding "we will not reverse a district court's decision when valid reasons are fairly discernable, either by deduction or by inference") (quotation marks omitted).

IV

[¶ 21] We conclude the district court did not abuse its discretion by denying Bruce Harris's motion to vacate, and affirm the district court's order.

[¶ 22] Lisa Fair McEvers

Daniel J. Crothers

Dann E. Greenwood, D.J.

David W. Nelson, S.J.

Carol Ronning Kapsner, Acting C.J.

[¶ 23] The Honorable David W. Nelson, S.J., and the Honorable Dann E. Greenwood, D.J., sitting in place of VandeWalle, C.J., and Sandstrom, S.J., disqualified.

[¶ 24] The Honorable Jerod E. Tufte was not a member of the Court when this case was heard and did not participate in this decision.