# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2020 ND 181

Leslie Gimbel,

Plaintiff and Appellee

v.

Jeff Magrum and

Donna Magrum,

Defendants and Appellants

### No. 20190412

Appeal from the District Court of Emmons County, South Central Judicial District, the Honorable Douglas A. Bahr, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Garrett D. Ludwig, Mandan, ND, for plaintiff and appellee.

Mary E. Depuydt, Wishek, ND, for defendants and appellants.

# Gimbel v. Magrum, et al.
## No. 20190412

**Crothers, Justice.**

[¶1]   Jeff and Donna Magrum appeal from a district court judgment quieting title to real estate in Leslie Gimbel.  The Magrums argue the court erred when it determined they did not acquire ownership of the property by adverse possession or acquiescence.  We affirm.

I

[¶2]   The dispute concerns two parcels of real estate located in Emmons County.  Gimbel owns the northern parcel.  The Magrums own the southern parcel.  A trail runs in a general east-west direction near the southern border of Gimbel's property and the northern border of the Magrums' property.  The Magrums annually cut and remove hay from the area south of the trail.  Their predecessors-in-interest did the same.  The Magrums built a fence south of, and parallel to, the trail.

[¶3]   Gimbel commissioned a survey after the Magrums built the fence.  The surveyor determined the property line was located south of the trail, within the area enclosed by the Magrums' fence.  Gimbel submitted a plat of the survey to the County for approval.  The County approved the plat, and Gimbel recorded it.  Gimbel informed the Magrums he believed they had encroached on his property and requested they remove the fence.

[¶4]   This litigation ensued.  Gimbel filed a complaint requesting the district court quiet title in his favor.  The Magrums brought a counterclaim asserting that they hold legal title to the property or, alternatively, that they acquired ownership by adverse possession or acquiescence.  After a bench trial, the court found Gimbel owned the property and the Magrums did not acquire any interest by adverse possession or acquiescence.

[¶5]   We apply the following standard when reviewing an appeal from a bench trial:

> "In an appeal from a bench trial, the district court's findings of fact are reviewed under the clearly erroneous standard of review, and its conclusions of law are fully reviewable. *Sauter v. Miller,* 2018 ND 57, ¶ 8, 907 N.W.2d 370; *Moody v. Sundley,* 2015 ND 204, ¶ 9, 868 N.W.2d 491. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing all of the evidence, this Court is convinced a mistake has been made. *Sauter,* at ¶ 8; *Moody*, at ¶ 9. 'In a bench trial, the district court is the determiner of credibility issues and we will not second-guess the district court on its credibility determinations.' *Sauter*, at ¶ 8. 'Findings of the trial court are presumptively correct.' *W. Energy Corp. v. Stauffer*, 2019 ND 26, ¶ 5, 921 N.W.2d 431 (citing *Brash v. Gulleson*, 2013 ND 156, ¶ 10, 835 N.W.2d 798)."

*Larson v. Tonneson,* 2019 ND 230, ¶ 10, 933 N.W.2d 84.

A

[¶6]   The Magrums assert the district court erred when it determined they did not obtain ownership of the property by adverse possession. Their claim to title is based on actual occupancy and is not founded upon a written instrument.

[¶7]   The requirements for adverse possession not founded upon a written instrument are explained in *Tonneson*, 2019 ND 230, ¶¶ 12-14, 933 N.W.2d 84:

> "Generally, N.D.C.C. § 28-01-07 provides a presumption against the adverse possession of real property 'unless it appears that such premises have been held and possessed adversely to such legal title for twenty years before the commencement of such action.' Section 28-01-10, N.D.C.C., states: 'When there has been

an actual continued occupation of premises under a claim of title exclusive of any other right, but not founded upon a written instrument or upon a judgment or decree, the premises *actually occupied* and no other must be deemed to have been held adversely.' (Emphasis added.)

"... N.D.C.C. § 28-01-11 ... provides:

For the purpose of constituting an adverse possession by a person claiming title not founded upon a written instrument nor upon a judgment or decree, land shall be deemed to have been possessed and occupied only in the following cases:

1. When it has been protected by a substantial enclosure; or

2. When it has been usually cultivated or improved.

"'To satisfy the elements for adverse possession, the acts on which the claimant relies must be actual, visible, continuous, notorious, distinct, and hostile, and of such character to unmistakably indicate an assertion of claim of exclusive ownership by the occupant.' *Gruebele v. Geringer*, 2002 ND 38, ¶ 7, 640 N.W.2d 454; *see also Benson v. Feland Bros. Props.,* 2018 ND 29, ¶ 15, 906 N.W.2d 98; *Benson v. Taralseth,* 382 N.W.2d 649, 653 (N.D. 1986); *Torgerson v. Rose,* 339 N.W.2d 79, 84 (N.D. 1983); *Woodland v. Woodland,* 147 N.W.2d 590, 597 (N.D. 1966). 'Actual knowledge of the adverse possession is not necessary if there is a course of conduct directly hostile and these acts of hostility are "unmistakably clear."' *Benson,* 382 N.W.2d at 653. The person claiming property by adverse possession has the burden to prove the claim by clear and convincing evidence, and 'every reasonable intendment will be made in favor of the true owner.' *Gruebele,* at ¶ 8. 'All of the elements must be satisfied, and if any elements are not satisfied the possession will not confer title.' *Moody* [*v. Sundley*], 2015 ND 204, ¶ 11, 868 N.W.2d 491. Whether an

3

adverse possession has occurred presents a question of fact, which will not be reversed on appeal unless clearly erroneous. *Moody,* at ¶ 11; *Gruebele,* at ¶ 6."

[¶8]   The Magrums claim they acquired ownership of the disputed property by adverse possession because they and their predecessors hayed the land annually for more than twenty years.

[¶9]   The district court found the annual cutting of hay, "which occurred once annually the years it occurred, was not cultivation, continuous, and exclusive of Gimbel's right of title . . . ." The court also found the haying was not adverse to Gimbel. The court's findings are supported by the evidence. Gimbel testified he always allowed others to hay the disputed property for free because it was uneconomical to hay and he did not want the hay. In addition, it is undisputed that the property is raw pasture land existing in its natural state. Because the evidence supports the district court's findings concerning a lack of adversity and a lack of cultivation, the court's determination that the Magrums did not establish adverse possession is not clearly erroneous.

B

[¶10] The Magrums assert the district court erred when it determined they did not obtain ownership of the property by acquiescence.

[¶11] The doctrine of acquiescence applies when parties mutually mistake a boundary as a property line. *Sauter,* 2018 ND 57, ¶ 10, 907 N.W.2d 370.

> "The doctrine of acquiescence is separate from adverse possession and may apply when all of the elements of adverse possession cannot be met. *See James v. Griffin,* 2001 ND 90, ¶ 10, 626 N.W.2d 704. 'The doctrine of acquiescence allows a person to acquire property when occupying part of a neighbor's land due to an honest mistake about the location of the true boundary, because the adverse intent requirement of the related doctrine of adverse possession could not be met.' *Fischer v. Berger,* 2006 ND 48, ¶ 12,

4

710 N.W.2d 886. 'To establish a new boundary line by the doctrine of acquiescence, it must be shown by clear and convincing evidence that both parties recognized the line as a boundary, and not a mere barrier, for at least 20 years prior to the litigation.' *Brown v. Brodell,* 2008 ND 183, ¶ 9, 756 N.W.2d 779. Mutual recognition of the boundary may be inferred by a party's conduct or silence. *Id.* The determination whether there has been mutual recognition of a boundary is a question of fact, which we review under the clearly erroneous standard on appeal. *Id.* at ¶ 10."

*Moody,* 2015 ND 204, ¶ 23, 868 N.W.2d 491.

[¶12] The Magrums claim they, their predecessors, and Gimbel all mistook the trail as the property line. They argue the district court erred by finding no mutual mistake concerning the property line because the court improperly imported elements of adverse possession into its acquiescence analysis.

[¶13] "Appellate courts review the record and findings as a whole and if the controlling findings are supported by the evidence, they will be upheld on appeal notwithstanding immaterial misstatements in the lower court's decision." *Puklich v. Puklich,* 2019 ND 154, ¶ 45, 930 N.W.2d 593. The district court discussed the lack of improvements made to the disputed property and used the terms "hostile" and "notice" while explaining its finding that Gimbel did not acquiesce in the trail as a property line. Although the court used terms and concepts that overlap with adverse possession analysis, its controlling finding—that Gimbel did not recognize the trail as the property line—supports a lack of acquiescence.

[¶14] The Magrums also claim the district court's findings are not supported by the evidence. They claim the court's decision is clearly erroneous because it ignored testimony favorable to their case. While we acknowledge conflicting testimony exists on the issue of acquiescence, "[i]n a bench trial, the district court is the determiner of credibility issues and we will not second-guess the district court on its credibility determinations." *Sauter,* 2018 ND 57, ¶ 8, 907 N.W.2d 370. Because evidence supports the court's finding regarding a lack of

mutual recognition of the trail as the property line, its determination that there was a lack of acquiescence is not clearly erroneous.

### III

[¶15] The parties' remaining arguments are either without merit or unnecessary to our decision. We affirm the judgment.

[¶16] Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Gerald W. VandeWalle
Jon J. Jensen, C.J.