FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
MARCH 24, 2021
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 58

Somerset Court, LLC,
and Kari Riggin,

Plaintiffs and Appellants

v.

Doug Burgum, Governor for the
State of North Dakota, in his
official capacity, the North Dakota
Health Department, Dirk Wilke,
North Dakota State Health Officer,
in his official capacity,

Defendants and Appellees

No. 20200292

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Daniel J. Borgen, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Lynn M. Boughey, Mandan, ND, for plaintiffs and appellants.

James E. Nicolai, Deputy Solicitor General, Bismarck, ND, for defendants and appellees.

# Somerset Court v. Burgum
## No. 20200292

**McEvers, Justice.**

[¶1] Somerset Court, LLC, and Kari Riggin ("Appellants") appeal from a district court judgment dismissing their action seeking a declaratory judgment regarding the validity of the Governor's executive orders. Appellants argue that the executive orders are beyond the Governor's statutory powers; that the executive orders involve fundamental rights requiring the application of the strict scrutiny standard of review; and that a declaratory judgment should have been issued as a matter of law and enforced by an appropriate writ. Because Appellants have failed to adequately challenge the district court's conclusion the case was moot, we affirm.

I

[¶2] This case began as a challenge to the Governor's statutory powers in issuing executive orders during the COVID-19 pandemic relating to the operations of certain North Dakota businesses.

[¶3] Relevant to this appeal, Executive Orders 2020-06.2, 2020-06.3, and 2020-06.4 essentially closed salons operated by licensed cosmetologists between March 28, 2020, and May 1, 2020. Executive Order 2020-06.4 provided that on or after May 1, 2020, businesses were allowed to reopen under conditions for industry-specific standards, including standards for salons operated by cosmetologists.

[¶4] In April 2020, Somerset, an assisted living facility with an in-house salon, and Riggin, a licensed cosmetologist operating the salon as an independent contractor, sued the Governor, the North Dakota Health Department, and the North Dakota State Health Officer, seeking declaratory and injunctive relief. The Appellants assert the executive orders prohibited Somerset and Riggin from engaging in their business and profession and placed limitations as to their business and profession. They sought a declaratory judgment and contend the executive orders went beyond the Governor's statutory authority, improperly invaded legislative prerogative,

1

and unconstitutionally denied their state and federal constitutional rights to conduct business, to engage in employment, and to earn a living.

[¶5]   Somerset and Riggins moved the district court for summary judgment. The State opposed their motion and also requested the court to grant summary judgment in favor of the State defendants. In August 2020, the district court entered an order, denying the plaintiffs' requested declaratory judgment and granting the defendants' request for dismissal of the action. The court specifically stated that "[a]ll of the challenged executive orders have since been superseded and are no longer in effect." In its order, the court addressed the merits of the Appellants' claims, but alternatively concluded the claims were moot and not justiciable. In September 2020, the district court entered a judgment of dismissal.

II

[¶6]   The Appellants sought a declaratory judgment declaring the relevant executive orders were prohibited by law. Section 32-23-01, N.D.C.C., authorizes courts to enter declaratory judgments. Section 32-23-02, N.D.C.C., provides: "Any person . . . whose rights, status, or other legal relations are affected by a statute . . . may have determined any question of construction or validity arising under the . . . statute . . . and may obtain a declaration of rights, status, or other legal relations thereunder." A court, however, "may refuse to render or enter a declaratory judgment or decree if such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding." N.D.C.C. § 32-23-06.

[¶7]   We review summary judgments in declaratory judgment actions under the same standard as other cases. *See Envtl. Driven Solutions, LLC v. Dunn Cty.*, 2017 ND 45, ¶ 6, 890 N.W.2d 841; *see also* N.D.C.C. § 32-23-07 ("All orders, judgments, and decrees under this chapter may be reviewed as other orders, judgments, and decrees."). Summary judgment under N.D.R.Civ.P. 56(c) allows for prompt disposition of any action without a trial "if either litigant is entitled to judgment as a matter of law and if no dispute exists as to either the material facts or the inferences to be drawn from undisputed facts, or if resolving factual disputes will not alter the result." *Hale v. State*, 2012 ND

2

148, ¶ 14, 818 N.W.2d 684 (quotation omitted). Whether a district court properly grants a summary judgment motion is a question of law, reviewed de novo on the record. *Id.*

## III

[¶8] The Appellants specifically identified the issues on appeal as the executive orders at issue are beyond the Governor's statutory powers; the executive orders involve fundamental rights requiring the application of the strict scrutiny standard of review; and declaratory judgment should have been issued as a matter of law and enforced by an appropriate writ.

[¶9] We need not address the multitude of issues raised by the Appellants, because the district court's holding on mootness is dispositive. We have explained:

> It is well established that courts will not give advisory opinions on abstract legal questions, and an action will be dismissed if there is no actual controversy left to be determined and the issues have become moot or academic. An action may become moot by the occurrence of events that result in a court's inability to render effective relief. The fact that a trial court has decided a moot case does not require us to do the same.

*Poochigian v. City of Grand Forks,* 2018 ND 144, ¶ 10, 912 N.W.2d 344 (relying on *Gosbee v. Bendish,* 512 N.W.2d 450, 452-53 (N.D. 1994)) (cleaned up).

[¶10] Here, the district court denied the Appellants' request for a declaratory judgment and granted the State's request for dismissal of the action. The court held that the Governor has broad constitutional and statutory authority to manage an emergency or disaster from beginning to end and the disputed executive orders did not exceed the Governor's constitutional or statutory authority in this case. The court concluded that the Governor and the State Health Officer were vested with the statutory authority to issue Executive Orders 2020-06.2, 2020-06.3, and 2020-06.4.

[¶11] As an alternate ground, however, the district court also concluded that the Appellants' claims regarding the executive orders are moot and non-

3

justiciable because the executive orders have been superseded, Somerset and Riggin are authorized to open and operate the Somerset Salon, and Riggin is authorized to provide cosmetology services. The court acknowledged that while the Governor could reissue the orders at any time, there was no allegation or basis to conclude the orders would evade review if similar executive orders were issued in the future.

[¶12] The parties on appeal do not dispute that the challenged executive orders have been superseded. On appeal, the Appellants have not identified an issue specifically challenging the district court's alternate conclusion that their claims regarding the executive orders are moot. In their brief at paragraph 25, the Appellants without any citation only generally allude to their claims regarding the superseded executive orders as not moot, but instead capable of evading review, stating:

> Despite this expiration of the restrictions placed on Somerset and Kari Riggin, Somerset and Kari Riggin remain subject to the restrictions in the newest executive order, the specific restrictions of the ND Smart Restart protocols, as well as any subsequent executive orders that may be issued by the Governor, thus making this action not moot but instead capable of evading review because the Governor could reissue at any time another executive order that contains the same restrictions as the previous executive order.

[¶13] We have explained that "[a] party waives an issue by not providing supporting argument and, without supportive reasoning or citations to relevant authorities, an argument is without merit." *In re J.J.T.*, 2018 ND 165, ¶ 29, 915 N.W.2d 106 (quoting *Riemers v. City of Grand Forks*, 2006 ND 224, ¶ 9, 723 N.W.2d 518). "A party abandons an argument by failing to raise it in the party's appellate brief." *O'Keeffe v. O'Keeffe*, 2020 ND 201, ¶ 14, 948 N.W.2d 848; *see also Bearce v. Yellowstone Energy Dev., LLC*, 2019 ND 89, ¶ 29, 924 N.W.2d 791; *Gowan v. Ward Cty. Comm'n*, 2009 ND 72, ¶ 11, 764 N.W.2d 425. We have declined to conduct a de novo review of issues when a party relies on bare assertions and fails to provide any supportive reasoning or citations to legal authority. *See Riemers,* at ¶¶ 9-10 (declining to conduct a de novo review of an alleged due process violation).

4

[¶14] While the Appellants have challenged the district court's conclusion that the executive orders did not exceed the Governor's constitutional or statutory authority, they have not adequately challenged the court's alternate conclusion that their claims are moot. Because they have not sufficiently developed any argument regarding mootness supported with legal authority, we conclude they have abandoned their opposition to the court's determination of mootness. *See, e.g.*, *J.J.T.*, 2018 ND 165, ¶ 29. We therefore deem it unnecessary for this Court to consider the Appellants' issues concerning the Governor's constitutional and statutory authority to issue the superseded executive orders. We affirm the district court's judgment dismissing Appellants' claims as moot.

IV

[¶15] We have considered the remaining issues, including the Appellants' motion for an expedited ruling in this matter, and conclude they are either without merit or unnecessary to our decision. The judgment is affirmed.

[¶16] Jon J. Jensen, C.J.
 Gerald W. VandeWalle
 Daniel J. Crothers
 Lisa Fair McEvers
 M. Jason McCarthy, D.J.

[¶17] The Honorable M. Jason McCarthy, D.J., sitting in place of Tufte, J., disqualified.