# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 149

Duane D. Durr,                                                    Plaintiff and Appellant

v.

Dawn M. Volden,                                                  Defendant and Appellee

## No. 20240029

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable John C. Irby, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Crothers, Justice.

Jesse D. Maier, Fargo, ND, for plaintiff and appellant.

Benjamin J. Williams (argued) and Brayden K. Harwood (on brief), Fargo, ND, for defendant and appellee.

**Crothers, Justice.**

[¶1]    Duane Durr appeals from a district court's order of judgment, judgment, and notice of entry of judgment. Durr argues the court failed to address whether Dawn Volden violated her independent fiduciary duties to keep adequate records and inform him of her self-dealings. We reverse and remand.

I

[¶2]    In 2013 Duane Durr sought treatment for memory problems. Doctors diagnosed Durr with mild cognitive impairment, which affected his short-term memory. Doctors also diagnosed Durr with a medical problem that inhibited his ability to drive. Durr's memory was clouded and "blank" during the early years of his diagnosis and remained semi-clouded during these proceedings. Durr's doctor testified that it would be "risky" for Durr to make business decisions during the period of impairment.

[¶3]    Between 2014 and 2017, Dawn Volden, Durr's step-daughter, testified she noticed Durr had memory problems. She noticed that bills were not getting paid. Exhibits showed Volden became an authorized signator on Durr's checking account in 2016. In 2017 Durr added Volden as an authorized user of his Discover and Mastercard credit cards to make purchases for him. Volden testified she used the credit cards for her personal use with Durr's permission. Durr asked his attorney to create a durable power of attorney and Volden became Durr's attorney-in-fact in 2017. The document gave Volden "sole and absolute discretion" regarding Durr's property. By the terms of the power of attorney, Durr allowed Volden to make gifts to others and to herself. Durr permitted Volden to buy and sell his property. The durable power of attorney provided that Volden would not be held liable for breaching her fiduciary duty unless she acted with willful misconduct or gross negligence.

[¶4]    In March 2017 Durr moved into a senior living facility. Durr testified he was offered two meals per day while there. Durr testified he would eat out on Tuesdays when he would go to Bonanzaville, on Thursdays with a friend, and once a month with the facility's men's club. Dan Durr, Durr's son, and Volden testified that Durr liked to eat out and would buy meals for the family when they ate out on weekends, special occasions or on the way to

Durr's lake cabin. The facility had a commissary where Durr testified he purchased his toiletries, but Volden testified that she would buy these with one of Durr's credit cards.

[¶5]   During Volden's tenure as Durr's attorney-in-fact, she used the Discover credit card, Alerus checking account, and was authorized to use Durr's Mastercard to care for him. According to testimony, exhibits, and revised exhibits created by Durr's forensic accountant, Volden made $180,264 of unauthorized expenditures from 2017 to 2020.

[¶6]   On October 21, 2021, Durr filed his claims against Volden. He complained that Volden violated her fiduciary duties and she owes him damages arising from the breach. Durr also requested accountings for the money she spent, usage of his vehicle, and the sale and renovation of his former home. In February 2023 Volden filed a motion for summary judgment, which the district court denied in April 2023.

[¶7]   In May 2023 the district court convened a three-day bench trial. Durr claimed Volden made several hundred unaccounted for withdrawals and expenditures. During cross-examination Volden testified that she either could not remember or did not know about 23 specific transactions, including payments to: Luther Auto, Throttle Auto, Lowe's, Home Depot, Menards, Karl's TV and Appliance Store, C & J Clark, Runnings, Dream Products, Sam's Club, Metz Company, Visto's, Oak Grove, Shotwell Floral, Holmes Custom Product, Amy's Hallmark, Hotel Shoreham, Air BNB, Sanford Health Care Associates, and the Holiday Inn in Fargo.

[¶8]   The district court found Durr's forensic accountant's report was unreliable and that Volden owed Durr a fiduciary duty, but the "evidence is insufficient to show a breach of that duty." The court found Durr failed to provide sufficient evidence that Volden's acts constituted willful misconduct or gross negligence, the standards set in the power of attorney. Though the court stated some transactions seemed suspect, it found that most were permitted under Durr's power of attorney, and that Durr failed to prove the transactions were unauthorized.

[¶9]   The district court found that Durr was generous before requiring Volden's assistance, and thus the gifts made by Volden were not improper. The court found the alleged self-dealings by Volden were not proven because of insufficient evidence. The court found Durr agreed to pay for the renovations of the home he sold to Volden. Ultimately, the court found in favor of Volden and dismissed Durr's claims. Durr timely appealed.

[¶10] Durr argues the district court failed to address whether Volden violated her independent fiduciary duties to keep adequate records and inform Durr of her self-dealings, including providing an accounting of Volden's spending. Durr contends this independent fiduciary duty required a heightened standard of care.

[¶11] "In an appeal from a bench trial, the district court's findings of fact are reviewed under the clearly erroneous standard of review, and its conclusions of law are fully reviewable." *Gimbel v. Magrum*, 2020 ND 181, ¶ 5, 947 N.W.2d 891. "A finding is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support it, a reviewing court is left with a definite and firm conviction a mistake has been made." *Hunter v. State*, 2020 ND 224, ¶ 11, 949 N.W.2d 841. "In a bench trial, the district court is the determiner of credibility issues and we will not second-guess the district court on its credibility determinations." *Gimbel*, at ¶ 5.

[¶12] "[A] power of attorney is a written instrument that authorizes one person to act as another person's agent." *Estate of Vizenor*, 2014 ND 143, ¶ 10, 851 N.W.2d 119.

> "Because a power of attorney creates an agency relationship, agency principles are applicable in determining the authority and duties of the attorney in fact. An agency relationship involves both a contractual and a fiduciary relationship, and the interpretation of an agent's authority is governed by the rules for construing contracts, except to the extent the fiduciary relationship requires a different rule."

*Id.* (internal citations omitted).

[¶13] This Court construes "contractual agreements to give effect to the parties' intent, which, if possible, must be ascertained from the writing," and "words are construed in their ordinary sense." *Vizenor*, 2014 ND 143, ¶ 10; *see also Miller v. Life Care Centers of America, Inc.*, 2020 WY 155, ¶ 22, 478 P.3d 164 (Wyo. 2020) (powers of attorney are strictly construed).

[¶14] Durr's power of attorney granted Volden broad discretion to handle his assets, including making gifts to herself and others, and to buy and sell his real estate. However, even when transactions between the parties are authorized, a "presumption of undue influence must be applied to any transaction between a trustee and the trustee's beneficiary

in which the trustee gains an advantage." *In re Estate of Bartelson*, 2015 ND 147, ¶¶ 14, 16, 864 N.W.2d 441. Section 59-18-01.1, N.D.C.C., states:

> "A transaction between a trustee and the trust's beneficiary during the existence of the trust or while the influence acquired by the trustee remains by which the trustee obtains any advantage from the trust's beneficiary is presumed to be entered by the trust's beneficiary without sufficient consideration and under undue influence. This presumption is a rebuttable presumption."

[¶15]  The presumption of undue influence applies to transactions involving confidential relationships including "trustees, agents, and attorneys-in-fact." *Bartelson*, 2015 ND 147, ¶ 16. If a confidential relationship exists, a court "must apply the presumption of undue influence to all benefits" gained by the fiduciary especially when there is evidence of unaccounted-for withdrawals. *Id.* at ¶¶ 18-19; *contra Matter of Estate of Harris*, 2017 ND 35, ¶ 20, 890 N.W.2d 561 (the presumption is rebutted when the beneficiary is represented by an attorney in dealings with a fiduciary). "Suspicious circumstances, along with the confidential relationship, will also give rise to a presumption of undue influence." *Matter of Estate of Johnson v. Johnson*, 237 So.3d 698, 711 (Miss. 2017) (cleaned up). If the beneficiary "establishes sufficient facts to give rise to the presumption, the burden then shifts to the other party to prove that the nonexistence of the presumed fact is more probable than its existence." *Bartelson*, at ¶ 16 (cleaned up). "[A] presumption substitutes for evidence of the presumed fact only until the trier of fact finds from credible evidence that the presumed fact does not exist." *Vizenor*, 2014 ND 143, ¶ 26 (cleaned up).

[¶16]  A fiduciary "is charged with the knowledge of the law and must act accordingly." *Matter of Mehus' Estate*, 278 N.W.2d 625, 634 (N.D. 1979). If the fiduciary wants to receive the benefits "from a good faith transaction with his principal or beneficiary, he must also assume the burden of developing a record sufficient to satisfy the requirements of law. If he fails to meet that burden . . . he suffers the risk of losing the benefits of the transaction." *Id.* "[F]ailure to keep perfect, concise records does not evidence wrongdoing," but the fiduciary "assumed the burden of developing a record sufficient to prove any benefits were not received without sufficient consideration or under undue influence." *Bartelson*, 2015 ND 147, ¶ 19.

[¶17]  Durr and Volden were in a confidential relationship because Volden was Durr's attorney-in-fact. *See Bartelson*, 2015 ND 147, ¶ 16 (attorney-in-fact is a confidential relationship). The power of attorney authorized Volden to make gifts and to buy and sell

his property. Even with this authority, all Volden's transactions are presumed to have been gained by undue influence. *Id.* at ¶¶ 18-19.

[¶18]   The district court erred when it did not apply the presumption of undue influence. *Bartelson,* 2015 ND 147, ¶ 16; N.D.C.C. § 59-18-01.1. Under *Bartelson,* the presumption of undue influence "*must be applied* to any transaction between" people bound by a confidential relationship. *Bartelson,* at ¶ 16 (emphasis added). The court must presume any withdrawals were made with undue influence until evidence is presented to rebut the presumption. *Vizenor,* 2014 ND 143, ¶ 26; *Bartelson,* at ¶ 16.

[¶19]   Durr used records received from Volden to produce evidence of several hundred transactions by Volden. Durr asked Volden during cross-examination about many of the transactions but was unable to ask her about all the withdrawals and expenditures because the vast number of withdrawals could not be addressed during trial. Volden explained most of the withdrawals she was questioned about, but she could not recall some. The district court found "some transactions may arouse some suspicion of self-dealing, [but] the evidence presented [by Durr] does not rise to the level meeting the requisite burden of proof." In making this statement the court did not apply the presumption of undue influence.

[¶20]   The presumption of undue influence is based on protection of the incapacitated or incompetent individual. *Hearing on H.B. 1458 Before House Judiciary Comm.,* 61st N.D. Legis. Sess., (Feb. 3, 2009) (testimony of Rep. Duane Dekrey). The incompetent person, or a third party representing them, must provide evidence of undue influence or the lack of authority, which can be shown by unaccounted for withdrawals or otherwise suspicious transactions. *Bartelson,* 2015 ND 147, ¶¶ 18-19; *Johnson,* 237 So.3d at 711. Durr met both requirements here because the district court found some transactions were suspicious and Durr, through his forensic accountant and Volden's testimony, showed transactions were unaccounted for or unjustified. Durr therefore met his threshold burden and the court's finding otherwise is clearly erroneous. *Bartelson,* at ¶ 16; *Johnson,* at 711.

[¶21]   After Durr proved transactions were unaccounted for or were made through use of undue influence, the burden shifted to Volden to disprove the presumption. *Bartelson,* 2015 ND 147, ¶ 16. The district court did not apply the burden shift as required under *Bartelson. Id.* On remand, the court must apply the burden shift to Volden and make findings whether she disproved the presumption for all transactions including those that have been shown to

be suspect or apparently improper. The court may conduct an evidentiary hearing or other proceedings as it deems necessary to carry out this mandate.

[¶22] We have considered all other arguments raised and conclude they either lack merit or are unnecessary to our decision.

III

[¶23] The district court erred in its application of law by not applying the presumption in N.D.C.C. § 59-18-01.1. The court also erred in finding Durr had the burden to prove Volden's alleged malfeasance, instead of applying the burden shift to Volden required under *Bartelson*. 2015 ND 147, ¶ 16. We reverse the court's judgment and remand for proceedings consistent with this decision.

[¶24] Jon J. Jensen, C.J.
Daniel J. Crothers
Jerod E. Tufte
Douglas A. Bahr
David W. Nelson, S.J.

[¶25] The Honorable David W. Nelson, S.J., sitting in place of McEvers, J., disqualified.