# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 144

Keith Warner,                                                 Plaintiff and Appellee

    v.

Latasha Warner,                                            Defendant and Appellant

## No. 20240047

Appeal from the District Court of Ward County, the North Central Judicial District, the Honorable Douglas L. Mattson, Judge.

AFFIRMED.

Opinion of the Court by Douglas A. Bahr, Justice.

Kyle R. Craig, Minot, ND, for plaintiff and appellee.

Aften M. Grant, Minot, ND, for defendant and appellant.

**Warner v. Warner**
**No. 20240047**

**Bahr, Justice.**

[¶1]     Latasha Warner appeals the district court's order denying her motion for relief from judgment. The judgment awards Keith Warner primary residential responsibility of their child subject to Latasha Warner's parenting time. We conclude the court did not abuse its discretion in denying the motion. We affirm.

I

[¶2]     Keith and Latasha Warner were married in 2018 and have one child together. In May 2022, Keith Warner filed for divorce and requested primary residential responsibility in his complaint. The parties stipulated to an interim order granting equal residential responsibility. Following the entry of the interim order, Latasha Warner discharged her counsel. The parties conducted mediation in August 2022 and a "Joint Mediation Session—Summary Agreement" was prepared. *See* N.D.R.Ct. 8.1(g)(2). The record does not reflect who prepared the summary agreement. However, neither party signed the summary agreement. The summary agreement document notes, "Residential Responsibility: The parties agree to equal residential responsibility—utilizing the same parenting schedule as outlined in the [Interim Order]." The mediator filed the mediation closing form with the district court in August 2022. *See* N.D.R.Ct. 8.1(g)(3). The closing form indicated: "Agreement reached on some issues." *See* N.D.R.Ct. 8.1(g)(1). Neither party filed the summary agreement with the court until Latasha Warner filed her motion for relief from judgment.

[¶3]     Before and after trial, Keith Warner served multiple documents on Latasha Warner at an incorrect address, resulting in her not receiving the documents. Latasha Warner did not receive a notice of hearing for a November 2022 scheduling conference, resulting in her not appearing at the scheduling conference. Keith Warner also served the notice of trial at the wrong address. However, the district court issued a scheduling order on January 9, 2023, which the court mailed to Latasha Warner's correct address. The order scheduled a one-day trial on June 5, 2023. The order provided the parties must file and serve their proposed parenting plan, joint property and debt listing, and statement of their case by May 30, 2023.

1

[¶4]    On May 30, 2023, Latasha Warner filed a financial declaration. However, neither party filed or served their proposed parenting plan or statement of their case. On June 2, 2023, Keith Warner filed a property and debt listing which included only his values and signature; he again served Latasha Warner at the wrong address.

[¶5]    The case went to trial on June 5, 2023. Latasha Warner requested a continuance after the conclusion of the direct examination of Keith Warner. She asked the district court to grant the continuance so she could retain counsel. The court denied her request. At the conclusion of trial, the court awarded primary residential responsibility to Keith Warner. Latasha Warner did not appeal the judgment.

[¶6]    In September 2023, Latasha Warner moved for relief from judgment under N.D.R.Civ.P. 60. The district court held an evidentiary hearing on December 1, 2023. Following the hearing, the court denied the motion.

II

[¶7]    This Court reviews a district court's denial of a motion for relief of judgment for an abuse of discretion. *Paulson v. Paulson*, 2021 ND 32, ¶ 8, 955 N.W.2d 92. "In reviewing the district court's denial of a N.D.R.Civ.P. 60(b) motion to set aside a judgment, this Court does not determine whether the court was substantively correct in entering the judgment from which relief is sought." *Id.* "Instead, this Court determines only if the court abused its discretion in ruling that sufficient grounds for disturbing the finality of the judgment were not established." *Id.* "The district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination." *Id.* "The district court's findings are not disturbed on appeal unless they are clearly erroneous." *Id.* "Under the clearly erroneous standard of review, 'we do not reweigh the evidence or reassess the credibility of witnesses.'" *Hildebrand v. Stolz*, 2016 ND 225, ¶ 14, 888 N.W.2d 197 (quoting *Kartes v. Kartes*, 2013 ND 106, ¶ 36, 831 N.W.2d 731).

[¶8]    "The district court may set aside a judgment under N.D.R.Civ.P. 60(b)(3) for fraud, misrepresentation, or misconduct by an opposing party." *Paulson*, 2021 ND 32, ¶ 9. Under N.D.R.Civ.P. 60(b)(3), the moving party has the burden "to establish, by clear and convincing evidence, that the adverse party obtained the judgment through fraud, misrepresentation, or misconduct." *In re Est. of Harris*, 2017 ND 35, ¶ 9, 890 N.W.2d 561

(quoting *Dvorak v. Dvorak*, 2001 ND 178, ¶ 10, 635 N.W.2d 135). "Relief under N.D.R.Civ.P. 60(b)(3) for fraud, misrepresentation, or other misconduct is extraordinary relief that should only be granted in exceptional circumstances." *Paulson*, at ¶ 11.

[¶9] Latasha Warner argues Keith Warner's "misrepresentation to the court that no agreement had ever been reached on the issue of custody in joint mediation" prevented her from "fairly preparing and presenting her case" and provides grounds to reverse the judgment based on fraud. She further argues, "It is clear from [her] testimony that [she] assumed the parties' Joint Mediation Session Summary Agreement had been provided to the court and that a judgment consistent with the same would be entered thereon."

[¶10] After the close of the direct examination of Keith Warner, Latasha Warner asked, "Is there any way that I could prolong this until I get representation?" The district court responded that the trial was noticed some time ago, discussed the notice of trial and the January 9, 2023 scheduling order, stated there was no motion for a continuance, and that the other party had incurred lawyer time in preparing for the trial. The court then asked, "So I'm trying to figure out why. Why should I continue it? What reason?" Latasha Warner responded: "I've never received any custody. I don't know what the custody order is for Keith Warner's side. If I had received that to get a better explanation of what kind of scheduling he wanted for [their child]." She then explained she has been representing herself and has not received any contact from Keith Warner's lawyer.

[¶11] Latasha Warner's argument relies primarily on a statement by Keith Warner's counsel during trial. In response to Latasha Warner's request for a continuance, Keith Warner's counsel stated:

> [S]he's essentially alleging that this was the first time she was aware that these issues are in dispute, I vehemently disagree with that. For one, there was no agreement reached on these issues in mediation back in August. That's a pretty strong indicator to someone that we're likely headed to trial. Additionally, Mr. Warner would testify under oath that he has advised this individual on multiple occasions that he is not agreeable to continuing equal.

The district court then provided Latasha Warner a copy of Keith Warner's property and debt listing and took a thirty-minute recess so she could review it. After the recess, the court denied Latasha Warner's request to continue the trial because she did not make a timely motion before trial.

[¶12]   In addition to his counsel's statement, Latasha Warner points out that Keith Warner, who made the agreement during mediation, did not correct his counsel's misrepresentation. She also argues Keith Warner's counsel repeatedly sending documents to the wrong apartment contributed to her misunderstanding of the purpose of the trial. At the hearing on her motion, Latasha Warner testified, "I thought the summary agreement was a legal binding document that was supposed to be given to the Judge." She testified that she believed the parties had resolved all issues and that the purpose of the trial was to put the agreement on the record.

[¶13]   In its order denying the motion, the district court acknowledged the agreement regarding residential responsibility referenced in the summary agreement. However, it found "no written agreement executed by the parties was ever submitted or accepted by this Court."

[¶14]   Rule 8.1(g)(2), N.D.R.Ct., provides: "If the parties reach agreement, the mediator and parties must prepare a written summary for the parties to sign noting all agreements made and using the parties' own words." Neither party signed the summary agreement prepared in this case. Regarding mediation agreements, N.D.C.C. § 14-09.1-07 provides:

> The mediator shall reduce to writing any agreement of the parties. The mediator shall inform the parties of their right to review the agreement with counsel before they sign the agreement. After the agreement is signed by the parties, the mediator shall present the agreement to the court. The agreement is not binding upon the parties until approved by order of the court.

[¶15]   It is undisputed the summary agreement was not signed by either party, was not presented to the district court, and was not approved by the court. At both the motion hearing and in her motion reply brief, Latasha Warner acknowledged mediation agreements are not binding on the parties until accepted by the court. We conclude the district court did not misapply the law when it determined the residential responsibility agreement made during the mediation was not binding on the parties.

[¶16]   The district court did not specifically find whether Keith Warner's counsel's statement was fraud or a misrepresentation. Based on the record, including the mediation summary and Keith Warner's testimony at the motion hearing, it is clear the parties reached an agreement regarding joint residential responsibility during the mediation. Thus, any statement to the contrary is inaccurate. However, the inaccuracy of Keith Warner's counsel's statement is not the primary issue; the issue is whether the statement prevented

4

Latasha Warner from "fairly preparing and presenting her case," as asserted in her motion. The court found the statement did not, and that Keith Warner did not obtain the judgment through fraud.

[¶17] In its order, the district court addressed Keith Warner's testimony. Specifically, the court explained Keith Warner testified that in the months following the mediation, he observed concerning behavior by Latasha Warner, including "issues with abusing alcohol and a volatile and a violent romantic relationship Latasha entered into in late 2022[.]" Keith Warner testified his observations caused him to be uncomfortable doing shared residential responsibility, and that he expressed his concerns with Latasha Warner and told her he was pursuing primary residential responsibility. The court specifically found Keith Warner's testimony credible. Regarding Latasha Warner's testimony, the court found, "According to Latasha, she believed that the parties had resolved all issues and were going to simply put an agreement on the record. The Court does not find Latasha's position credible or a reasonable position to take."

[¶18] The district court further found, "Latasha acknowledged receipt of [the scheduling] order, and was aware of the trial date nearly five months before it was set to commence." The court wrote, "Latasha requested a continuance mid-trial to obtain an attorney. It is not lost on this Court that she did so when it appeared that damaging evidence was being entered against her." The court then explained it denied her motion for continuance "[g]iven the amount of time that the parties were aware that trial had been set[.]" Based on those and other findings, the court found "the judgment entered in this matter was not the result of the submission of fraudulent evidence."

[¶19] Latasha Warner does not argue the district court's findings are clearly erroneous or cite to the clearly erroneous standard of review. *See Kaspari v. Kaspari*, 2023 ND 207, ¶ 9, 997 N.W.2d 621 ("A party abandons an argument by failing to raise it in the party's appellate brief." (quoting *Somerset Ct., LLC v. Burgum*, 2021 ND 58, ¶ 13, 956 N.W.2d 392)). Moreover, "[t]he district court was in the best position to weigh the evidence and determine the credibility of the witnesses." *Meuchel v. Red Trail Energy, LLC*, 2024 ND 44, ¶ 16, 4 N.W.3d 203 (quoting *Dronen v. Dronen*, 2009 ND 70, ¶ 24, 764 N.W.2d 675). We conclude the court's findings are not clearly erroneous because there is evidence to support them.

[¶20] We do not condone Keith Warner or his counsel's repeated failures to serve Latasha Warner at her correct address, the failure to comply with the scheduling order, and the

5

inaccurate statement provided at the trial. However, the controlling issue is whether the inaccurate statement prevented Latasha Warner from "fairly preparing and presenting her case."

[¶21] Latasha Warner received the January 9, 2023 scheduling order from the district court. The order provided her notice of the trial date, time, and length. It also provided her the deadlines for discovery, motions, and service of proposed parenting plans, the joint property and debt listing, and statements of the case. Moreover, the court specifically found Latasha Warner's testimony that "she believed that the parties had resolved all issues," and the trial was simply to "put an agreement on the record," not credible. The court found Keith Warner's testimony he informed Latasha Warner before trial that he was seeking primary residential responsibility credible. Based on those findings, which Latasha Warner does not challenge, the district court did not abuse its discretion in concluding Latasha Warner did not establish, by clear and convincing evidence, that the inaccurate statement entitled her to the "extraordinary relief" she requests under N.D.R.Civ.P. 60(b)(3). We conclude the court did not abuse its discretion in denying Latasha Warner's motion under N.D.R.Civ.P. 60(b)(3).

### III

[¶22] We have considered the parties' other arguments. We conclude they are unnecessary to the decision or are without merit. We affirm.

[¶23]   Jon J. Jensen, C.J.
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte
        Douglas A. Bahr