Earl ALLEN, Jr., Plaintiff
and Appellant,

v.

WHITE DRUG OF MINOT, INC.,
Defendant and Appellee.

Civ. No. 10552.

Supreme Court of North Dakota.

March 21, 1984.

Lawrence R. Klemin, of Dwyer & Klemin, Bismarck, for plaintiff and appellant.

LeRoy A. Loder, of Pringle & Herigstad, Minot, for defendant and appellee.

GIERKE, Justice.

This is an appeal from an order entered in the District Court of Ward County, denying plaintiff's motion to disqualify the law firm of Pringle & Herigstad, P.C., from representing the defendant, White Drug of Minot, Inc., in litigation relating to the alleged breach of a shopping center lease. We dismiss.

In 1962, the plaintiff, Earl Allen, Jr., retained the law firm of Ilvedson, Pringle, Herigstad & Meschke, to review the terms of a proposed lease and to advise him and a proposed mortgagee, Union Reserve Life Insurance Co., regarding those terms. The lease concerned retail space in the Oak Park Shopping Center, which was owned by the plaintiff. Under its terms, Allen was to construct retail space in the shopping center which was to be occupied by White Drug.

Kenneth Pringle, a partner in the firm, wrote two letters concerning the lease. In a letter to Allen, dated August 9, 1962, Pringle recommended certain changes or clarifications in the proposed lease. In another letter of the same date, to the proposed mortgagee, Pringle stated in part:

"It is our opinion that with clarification of minor ambiguities in the White Drug Lease, that Mr. Allen has a good Lease with this company which will provide for a continuing rental with a minimum guarantee for the full primary term and for any extension thereunder to renew."

Allen and White Drug subsequently executed a lease in January 1963.[1] White Drug then took possession of the leased premises and occupied them until July 31, 1982, whereupon the premises were vacated. At that time there was approximately one year remaining on the lease. White Drug did, however, continue to pay rent on the premises until October 13, 1982, when Allen commenced an action against White Drug for breach of the lease. Allen's primary contention in the underlying suit is that the lease obligates White Drug to operate a retail drug store on the premises throughout the term of the lease. White Drug retained the Pringle & Herigstad law firm as its counsel in the action. Pringle & Herigstad is the successor to Ilvedson, Pringle, Herigstad & Meschke.

On February 25, 1983, Allen filed a motion in district court to disqualify Pringle & Herigstad from further representation of White Drug and to enjoin the law firm from communicating any privileged information obtained as a result of Kenneth Pringle's previous involvement in the subject matter of the lawsuit. In response to this motion, Pringle submitted his affidavit in which he stated that he had no independent recollection of his review of the proposed lease or any discussions with Earl Allen twenty years' earlier.[2] Approximately one month after submitting his affidavit, Kenneth Pringle died. On September 8, 1983, the district court entered its order denying the motion to disqualify and from that order Allen appealed.

The threshold issue for our consideration is whether or not an order denying a motion to disqualify an attorney is an appealable order.

The right of appeal in this State is purely statutory. *Young v. White*, 267 N.W.2d 799, 800 (N.D.1978). Only those judgments and decrees which constitute a final judgment of the rights of the parties to the action and those orders enumerated by statute are appealable. *Sheets v. Letnes, Marshall & Fiedler, Ltd.*, 311 N.W.2d 175, 178 (N.D.1981).

There is no contention that this appeal is from a final judgment. The order denying Allen's motion to disqualify counsel is therefore unappealable unless it falls within those orders enumerated in § 28–27–02, N.D.C.C. Appellant contends that the order is appealable under subsection (3) of § 28–27–02, N.D.C.C., which states:

"*28–27–02. What orders reviewable.* The following orders when made by the court may be carried to the supreme court:

.    .    .    .    .

1. The lease executed in January 1963 was not the lease that was reviewed by Pringle. The leases are, however, substantially the same.

2. Pringle's affidavit also states that the successor law firm, Pringle & Herigstad, P.C., has no file

or record concerning the lease in question. In any event, Allen has not alleged that any confidential information was acquired by Pringle as a result of his review of the proposed lease.

"3. An order which grants, refuses, continues, or modifies a provisional remedy, or grants, refuses, modifies, or dissolves an injunction or refuses to modify or dissolve an injunction, whether such injunction was issued in an action or special proceeding or pursuant to the provisions of section 35–22–04, or which sets aside or dismisses a writ of attachment for irregularity;"

Provisional remedies are set forth in § 32–01–10, N.D.C.C., as follows:

"*32–01–10. Provisional remedies classified.* The provisional remedies in civil actions are:

1. Claim and delivery of personal property.
2. Attachment.
3. Garnishment.
4. Receivers.
5. Deposit in court."

Disqualification of an attorney is not a provisional remedy in a civil action in North Dakota.

Allen further contends that a motion for an order disqualifying an attorney is in the nature of a request for injunctive relief, the denial of which is appealable pursuant to § 28–27–02(3), N.D.C.C. By way of answer we quote the analysis of the Supreme Court of Illinois when it was presented with the identical issue in *Almon v. American Carloading Corporation,* 380 Ill. 524, 44 N.E.2d 592, 595 (1942):

"To bring their case within the [Illinois interlocutory appeal] statute, defendants contend the order ... possessed the elements of restraint and the enjoining of action, which, it is said, makes it of the same character as an interlocutory order for injunction. The purpose of an interlocutory injunction is to preserve the rights of some one or more of the parties and continue the property and the rights therein in statu quo until the cause can

be disposed of on the merits. The order ... [disqualifying the attorney] has no bearing on the merits of the litigation.... and was not of the character intended by the legislature to be covered by ... the [interlocutory appeal] statute."

*See also Fred Weber, Inc. v. Shell Oil Co.,* 566 F.2d 602, 606 n. 6 (8th Cir.1977), citing Federal authority holding attorney disqualification orders not appealable as injunctions, *cert. denied,* 436 U.S. 905, 98 S.Ct. 2235, 56 L.Ed.2d 403 (1978); *Peat, Marwick, Mitchell & Co. v. Los Angeles Rams Football Co.,* 284 Md. 86, 394 A.2d 801, 808 (1978).

Neither is the district court's order appealable under the so-called "collateral order exception". This doctrine was first articulated by the United States Supreme Court in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 545–547, 69 S.Ct. 1221, 1225–1226, 93 L.Ed. 1528 (1949).[3] The doctrine includes within the final judgment rule a small class of cases which meet four requirements:

"[T]he order must [ (1) ] conclusively determine the disputed question, [ (2) ] resolve an important issue, [ (3) ] be completely separate from the merits of the action, and [ (4) ] be effectively unreviewable on appeal from a final judgment."

*Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978) (footnote omitted); *see Cohen v. Beneficial Industrial Loan Corp., supra,* 337 U.S. 541 at 546, 69 S.Ct. 1221 at 1226.

In *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 377, 101 S.Ct. 669, 675, 66 L.Ed.2d 571 (1981), the Supreme Court held that:

"An order refusing to disqualify counsel plainly falls within the large class of orders that are indeed reviewable on appeal after final judgment, and not within

**3.** In *Rogelstad v. Farmers Union Grain Terminal Association,* 224 N.W.2d 544, 546 (N.D.1974), the "Cohen", or "collateral order" doctrine was discussed by this court. In *Rogelstad,* we refused to adopt that doctrine, noting that "federal decisions determining whether orders ... are appealable do not involve the statutory bases which are extant in North Dakota". In the instant case we do not, by our discussion of the "Cohen" doctrine, mean to imply that we judicially adopt that exception to the final judgment rule.

the much smaller class of those that are not."

The court offered two primary justifications for its holding. First, the propriety of denying a disqualification motion "will often be difficult to assess until its impact on the underlying litigation may be evaluated, which is normally only after final judgment". *Id.* The second justification offered by the Supreme Court was that:

"The decision whether to disqualify an attorney ordinarily turns on the peculiar factual situation of the case then at hand, and the order embodying such a decision will rarely, if ever, represent a final rejection of a claim of fundamental right that cannot effectively be reviewed following judgment on the merits. In the case before us, petitioner has made no showing that its opportunity for meaningful review will perish unless immediate appeal is permitted. On the contrary, should the Court of Appeals conclude after the trial has ended that permitting continuing representation was prejudicial error, it would retain its usual authority to vacate the judgment appealed from and order a new trial. That remedy seems plainly adequate should petitioner's concerns of possible injury ultimately prove well founded. As the Second Circuit has recently observed, the potential harm that might be caused by requiring that a party await final judgment before it may appeal even when the denial of its disqualification motion was erroneous does not 'diffe[r] in any significant way from the harm resulting from other interlocutory orders that may be erroneous, such as orders requiring discovery over a work-product objection or orders denying motions for recusal of the trial judge.' *Armstrong v. McAlpin*, 625 F.2d 433, 438 ([2nd Cir.] 1980), cert. pending No. 80–431 [cert. granted; 449 U.S. 1106, 101 S.Ct. 911, 66 L.Ed.2d 835 (1981)]. But interlocutory orders are not appealable 'on the mere ground that they may be erroneous.' *Will v. United States*, 389 U.S. 90, 98, n. 6, 88 S.Ct. 269, 275, n. 6, 19 L.Ed.2d 305 (1967)."

 We therefore conclude that an order denying a motion to disqualify counsel in a civil action is not immediately appealable, but is reviewable on appeal from a final judgment. In reaching this conclusion we express no opinion regarding the appealability of an order granting disqualification or denying disqualification in a criminal action.

For the reasons stated in the opinion, the appeal is dismissed.

ERICKSTAD, C.J., and PEDERSON, VANDE WALLE and SAND, JJ., concur.