892 So.2d 1075 (2004)
Anthony F. GONZALEZ, for and on behalf of COLONIAL BANK, Petitioner,
v.
Joseph V. CHILLURA, Jr., Alfred T. Rogers, and MCapital, II, LLC, a Florida limited liability company, and Colonial Bank, an Alabama corporation, Respondents.
No. 2D03-5885.
District Court of Appeal of Florida, Second District.
November 3, 2004.
*1076 Stanford R. Solomon and Hallie S. Evans of The Solomon Tropp Law Group, P.A., Tampa, for Petitioner.
William F. Jung of Jung & Sisco, Tampa, for Respondents Joseph V. Chillura, Jr., Alfred T. Rogers, and MCapital II, LLC.
Peter W. Zinober, Karen Meyer Buesing, and Jay P. Lechner of Zinober & McCrea, P.A., Tampa, and Ben H. Harris, III, of Miller, Hamilton, Snider & Odom, LLC, Mobile, AL, for Respondent Colonial Bank.
KELLY, Judge.
Anthony F. Gonzalez seeks certiorari review of the trial court's order granting Colonial Bank's amended motion to disqualify his counsel, Stanford R. Solomon, and his firm, The Solomon Tropp Law Group, P.A. (Solomon Tropp), from representing him in a shareholder derivative action. We grant the petition and quash the order.
Initially, we note that certiorari is the proper remedy to seek review of an order granting or denying a motion to disqualify counsel or a law firm. Vick v. Bailey, 777 So.2d 1005 (Fla. 2d DCA 2000); City of Apopka v. All Corners, Inc., 701 So.2d 641 (Fla. 5th DCA 1997). The effect of an order granting such a motion is to *1077 deny a party counsel of its choice, a material injury without remedy on appeal. Because Gonzalez has established that the trial court departed from the essential requirements of law when it disqualified Solomon Tropp, he is entitled to relief.
The issue before us is whether a law firm should be disqualified under rule 4-1.7 of the Rules Regulating The Florida Bar for concurrently representing the plaintiff in a shareholder derivative action while at the same time representing the same plaintiff in litigation he is pursuing individually against the corporation. Solomon Tropp represents Gonzalez, a shareholder of Colonial Bank (Colonial), in three separate actions: a shareholder derivative action in which Solomon represents Gonzalez as a plaintiff "for and on behalf of" Colonial, and two federal cases in which Gonzalez has sued Colonial. At the heart of each lawsuit is Gonzalez's claim that Joseph V. Chillura, Jr., and Alfred T. Rogers (the respondents), officers and directors of Colonial in Tampa, breached their fiduciary duties to Colonial when they covertly formed a separate company, MCapital, II, LLC, that directly competed with Colonial. The trial court found that Solomon Tropp's representation of Gonzalez as a derivative plaintiff while representing Gonzalez individually in the two pending federal cases against Colonial violated Florida Rule of Professional Conduct 4-1.7. We disagree.
Rule 4-1.7 states:
(a) Representing Adverse Interests.
A lawyer shall not represent a client if the representation of that client will be directly adverse to the interests of another client, unless:
(1) the lawyer reasonably believes that the representation will not adversely affect the lawyer's responsibilities to and relationship with the other client; and
(2) each client consents after consultation.
(Emphasis supplied.) Thus, the threshold question is whether Solomon Tropp had an attorney-client relationship with Colonial.
The test for determining this relationship "is a subjective one and `hinges upon the client's belief that he is consulting a lawyer in that capacity and his manifested intention is to seek professional legal advice.'" Bartholomew v. Bartholomew, 611 So.2d 85, 86 (Fla. 2d DCA 1992). Nothing in the record before us supports the trial court's conclusion that Solomon Tropp had an attorney-client relationship with Colonial. Attorney Solomon filed a sworn affidavit stating that Colonial was not a client, that the law firm had not provided legal advice to Colonial, that none of the attorneys at Solomon Tropp communicated with any officer, director, or agent of Colonial (other than Colonial's attorneys), that the law firm had never submitted a bill to Colonial for services, and that the firm had never received or had access to any confidential information that would give Gonzalez an unfair advantage in the two pending federal cases. More telling is the affidavit filed by Joseph V. Chillura, Jr., the chief executive officer of Colonial, in which Chillura, rather than asserting that Solomon Tropp represents Colonial, asserts that Colonial has never consulted with Solomon Tropp regarding representing it in the derivative action and that it never agreed to be represented by Solomon Tropp in the derivative action or in any other matter.
Rather than rely on the manifestations of a "typical formal" attorney-client relationship, such as seeking and receiving legal advice, to support their contention that Solomon Tropp has an attorney-client relationship with Colonial, the respondents argue that such a relationship exists by virtue of the fact that Solomon Tropp is representing a shareholder, Gonzalez, who *1078 is bringing an action that is for the benefit of Colonial.
The illogic of this position is evident when the nature of a shareholder derivative action is examined.
A stockholder's derivative action is an action brought by one or more stockholders of a corporation to enforce a corporate right or to prevent or remedy a wrong to the corporation in cases where the corporation, because it is controlled by the wrongdoers or for other reasons, fails and refuses to take appropriate action for its own protection.
Alario v. Miller, 354 So.2d 925, 926 (Fla. 2d DCA 1978) (quoting 19 Am.Jur.2d Corporations § 528 (1965)). The Supreme Court stated the origin and purpose of a shareholder's derivative action in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 548, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949):
Equity came to the relief of the stockholder, who had no standing to bring civil action at law against faithless directors and managers. Equity, however, allowed him to step into the corporation's shoes and to seek in its right the restitution he could not demand in his own. It required him first to demand that the corporation vindicate its own rights but when, as was usual, those who perpetrated the wrongs also were able to obstruct any remedy, equity would hear and adjudge the corporation's cause through its stockholder with the corporation as a defendant, albeit a rather nominal one. This remedy born of stockholder helplessness was long the chief regulator of corporate management and has afforded no small incentive to avoid at least grosser forms of betrayal of stockholders' interests. It is argued, and not without reason, that without it there would be little practical check on such abuses.
If the mere fact of pursing a derivative claim that belongs to a corporation, but which the corporation has refused to bring, were enough to establish an attorney-client relationship between the corporation and the lawyer for the derivative plaintiff, there would be no way for the derivative plaintiff to ever have conflict-free counsel. As Gonzalez argues, if we accepted the respondents' contention, we would in effect be letting the fox guard the chicken coop; i.e., the corporation would have the ability to control by whom a derivative plaintiff is represented. Accordingly, we find the respondents' contention to be without merit.
We have not overlooked the respondents' claim that "every court that has addressed this issue has held that an attorney is forbidden from concurrently filing both a derivative suit, on behalf of the corporation and its shareholders, and a separate suit against the corporation, on behalf of an individual." The cases the respondents have cited, however, do not support that proposition. One states just the opposite: "The case law is virtually unanimous in holding that one counsel can represent a stockholder bringing both an individual and a derivative action." In re Dayco Corp. Derivative Sec. Litig., 102 F.R.D. 624, 630 (S.D.Ohio 1984).
The cases on which the respondents rely deal with conflicts that may sometimes arise when a derivative plaintiff retains a single lawyer or law firm to pursue an individual action in addition to a derivative action. These cases address disqualification under Federal Rule of Civil Procedure 23.1 and deal with the rule's requirement that the plaintiff in a derivative action adequately represent the interests of the shareholders in enforcing the right of the corporation. We find these cases inapplicable to the issue in this proceeding. The issue here is not whether Gonzalez has a conflict that may impair his ability to represent *1079 the other shareholders; the issue is whether his attorney is concurrently representing two clients whose interests conflict.
Because Colonial never had an attorney-client relationship with Stanford Solomon or Solomon Tropp, there was no basis to disqualify Solomon or his firm under rule 4-1.7. Accordingly, we conclude that the trial court departed from the essential requirements of law and that Gonzalez was deprived of his chosen counsel, a material injury which cannot be remedied on appeal. For these reasons, we grant the petition and quash the order.
Petition granted; order quashed.
NORTHCUTT and STRINGER, JJ., Concur.