# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2021 ND 236

Cavare, Inc.,                                                                          Plaintiff and Appellee

v.

Christopher B. Kjelgren,                                              Defendant and Appellant

### No. 20200128

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Joshua B. Rustad, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Spencer D. Ptacek (argued) and Lawrence Bender (on brief), Bismarck, ND, for plaintiff and appellee.

Lynn M. Mesteth, Fargo, ND, for defendant and appellant.

**Cavare v. Kjelgren**
No. 20200128

**Jensen, Chief Justice.**

[¶1]   Christopher Kjelgren appeals from a district court judgment entered in favor of Cavare, Inc., and the subsequent order denying his motion for relief from the judgment. We conclude the court's finding that Cavare, Inc. is the rightful owner of disputed shares corresponding to a one-third interest in Petroleum Services Drilling Motors, Inc. is not clearly erroneous. We further conclude the court did not abuse its discretion in denying his motion for relief from the judgment under N.D.R.Civ.P. 60. We affirm the judgment and the order denying relief from the judgment.

I

[¶2]   In 2017, Cavare, Inc. (also referred to as "Cavare USA") commenced this action seeking a judgment declaring Cavare USA the rightful owner of a one-third interest in Petroleum Services Drilling Motors, Inc. ("PSDM"), and claiming breach of fiduciary duty, conversion, and unjust enrichment to recover $230,000 in shareholder distributions that PSDM had made to Kjelgren. Following a bench trial, the district court found Cavare USA is the owner of the disputed PSDM shares and $230,000 in shareholder distributions issued to Kjelgren belonged to Cavare USA. Kjelgren appealed.

[¶3]   While this case was on appeal, Kjelgren requested leave to file a motion for relief from the judgment in the district court. We temporarily remanded this case for the district court to consider the motion for relief. The court denied the motion, and Kjelgren has appealed that order.

II

[¶4]   Kjelgren argues the district court erred in finding that Cavare USA is the rightful owner of the PSDM shares. Our standard of review on appeal from a bench trial is well established:

> In an appeal from a bench trial, the trial court's findings of fact are reviewed under the clearly erroneous standard of

1

N.D.R.Civ.P. 52(a) and its conclusions of law are fully reviewable. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing all the evidence, we are left with a definite and firm conviction a mistake has been made. *In a bench trial, the trial court is the determiner of credibility issues and we do not second-guess the trial court on its credibility determinations*.

*Larson v. Midland Hosp. Supply, Inc.*, 2016 ND 214, ¶ 9, 891 N.W.2d 364 (quoting *Serv. Oil, Inc. v. Gjestvang*, 2015 ND 77, ¶ 12, 861 N.W.2d 490) (emphasis added). "A district court's choice between two permissible views of the weight of the evidence is not clearly erroneous." *Cheetah Props. 1, LLC v. Panther Pressure Testers, Inc.*, 2016 ND 102, ¶ 9, 879 N.W.2d 423 (quoting *Nelson v. Johnson*, 2010 ND 23, ¶ 31, 778 N.W.2d 773).

[¶5] Kjelgren contends the determination of the ownership of shares in a corporation is a mixed question of law and fact, reviewed under the de novo standard of review, citing *Nygaard v. Robinson*, 341 N.W.2d 349, 354 (N.D. 1983), and *Burlington N. R.R. Co. v. Fail*, 2008 ND 114, ¶ 5, 751 N.W.2d 188. "A finding of fact is reached by natural reasoning, and a conclusion of law is reached by fixed rules of law." *THR Mins., LLC v. Robinson*, 2017 ND 78, ¶ 15, 892 N.W.2d 193 (quoting *Nygaard*, at 354).

[¶6] Kjelgren asserts the disputed shares were in his name individually and he provided substantial consideration for the PSDM shares, specifically performing labor and services for PSDM and contributing his time and expertise to get the business off the ground. He argues the evidence "overwhelmingly" establishes the parties intended for him to be an individual PSDM shareholder. He asserts Lawrence Robin, owner of Cavare Ltd. ("Cavare CAN") with Kjelgren, did not want any involvement with PSDM from the outset of the transaction and Robin made no claim to PSDM's distributions. Kjelgren asserts there was no evidence of the PSDM shares on Cavare CAN's books, and he claimed the distributions on his personal tax returns and used his own personal funds to pursue one of the other PSDM owners for misappropriation of PSDM assets.

[¶7]   Kjelgren contends that, even assuming arguendo, Cavare CAN was the owner of the disputed PSDM shares, those shares were never assigned, sold or otherwise transferred to Cavare USA. He argues Robin made an after-the-fact effort to capture ownership in PSDM to reap the reward to Kjelgren's detriment. Kjelgren asserts Cavare CAN's assets were sold in conjunction with a "sham bankruptcy" in an attempt to avoid alimony payments to Robin's ex-wife. Kjelgren asserts Cavare USA's witnesses had no personal knowledge of conversations or agreements between Robin and him regarding the PSDM shares and their interactions suggest Kjelgren was the "true shareholder."

[¶8]   We disagree with Kjelgren's assertion the proper standard of review for this appeal is de novo, and disagree the question of ownership of the PSDM shares is a mixed question of law and fact. Kjelgren has not challenged the district court's application of the facts to the law or identified any misapplication of the law to the facts of this case. His challenges are limited to the court's natural reasoning in reaching specific findings after being presented with two permissible views of the weight of the evidence. While share ownership could be a question of law or a mixed question of law and fact under some circumstances, Kjelgren's challenges on appeal are limited to the assertion of errors in the court's factual findings. Findings of fact are reviewed under the clearly erroneous standard of N.D.R.Civ.P. 52(a). A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing all the evidence, we are left with a definite and firm conviction a mistake has been made. *Kuntz v. Slappy*, 2021 ND 186, ¶ 8, 965 N.W.2d 408.

[¶9]   Here, the district court made specific findings of fact regarding the ownership of the disputed PSDM shares. The court found that Cavare USA is the owner of the PSDM shares; that Cavare USA obtained its interest in the shares from Cavare CAN; and that Cavare CAN obtained the shares by contributing assets to PSDM during its formation. The court found Kjelgren held the PSDM shares for Cavare CAN. The court also found the $230,000 in payments made to Kjelgren rightfully belonged to Cavare USA. The court identified the trial testimony and evidence that supported its factual findings. The court specifically found Kjelgren was not a credible witness and was

merely a part of the transactions to hold the PSDM shares on behalf of Cavare CAN.

[¶10] Kjelgren's arguments on appeal ask this Court to reweigh the evidence and contradict the district court's findings. On our review of the record, we conclude the court's findings are not induced by an erroneous view of the law and are supported by evidence, and we are not left with a definite and firm conviction a mistake has been made. We therefore conclude the finding that Cavare USA owns the disputed PSDM shares is not clearly erroneous. Moreover, to the extent Kjelgren argues on appeal that Cavare USA did not have standing to bring this action, this argument essentially challenges the factual finding that the shares were transferred to Cavare USA and that finding is not clearly erroneous.

### III

[¶11] Kjelgren argues the district court erred in denying his motion for relief from the judgment under N.D.R.Civ.P. 60.

[¶12] Under N.D.R.Civ.P. 60(b)(3), a party seeking relief from a judgment has the burden "to establish, by clear and convincing evidence, that the adverse party obtained the judgment through fraud, misrepresentation, or misconduct." *In re Estate of Harris*, 2017 ND 35, ¶ 9, 890 N.W.2d 561; *see also Paulson v. Paulson*, 2021 ND 32, ¶ 11, 955 N.W.2d 92. Relief under N.D.R.Civ.P. 60(b)(3) for fraud, misrepresentation, or other misconduct is extraordinary relief that should only be granted in exceptional circumstances. *Terry v. Terry*, 2002 ND 2, ¶ 4, 638 N.W.2d 11. A district court's decision to deny a motion for relief from the judgment under N.D.R.Civ.P. 60(b) will not be reversed on appeal unless the court abused its discretion in ruling there were not sufficient grounds for relief from the judgment. *Eberle v. Eberle*, 2009 ND 107, ¶ 16, 766 N.W.2d 477. A court abuses its discretion when it acts in an arbitrary, unconscionable, or unreasonable manner; misinterprets or misapplies the law; or when its decision is not the product of a rational mental process leading to a reasoned determination. *Id.*

4

[¶13] In contending the district court abused its discretion in denying his motion, Kjelgren again makes fact-specific arguments. He argues the evidence presented in his motion plainly established both Robin and Bill Beattie, owner of First Directional Rentals, LLC ("First Directional"), withheld and misrepresented information at trial. He contends testimony that Cavare CAN's United States assets would end up with Cavare USA, which would be owned by First Directional, was false. Kjelgren argues the court acted arbitrarily and unreasonably in accepting Robin's testimony and disregarding ample written documentation, including a 2017 email and attached invoice from Robin to a Cavare corporate lawyer that purports to show Robin's purchase from First Directional of Cavare USA and Cavare International ("Cavare Int'l"), a company they testified would end up with Cavare CAN's Canadian assets which would be owned by Cavare USA. He contends the court abused its discretion by crediting documentation purporting to show the disputed PSDM shares belonged to Cavare CAN and were transferred to Cavare USA.

[¶14] After the evidentiary hearing on remand, the district court found that Robin's and Beattie's testimony was credible and that there was no agreement in place at the time of trial for Robin to become a shareholder of Cavare Int'l. The court also found there was no agreement in place at the time of trial for Robin to become a shareholder of Cavare USA. The court found that while Robin and Beattie had discussions in 2017 about Robin's ownership of Cavare Int'l and Cavare USA, the sale fell through. The court held that even if Beattie's testimony was inaccurate, it did not amount to fraud. The court held Kjelgren failed to present clear and convincing evidence of fraud to justify overturning the judgment. The court found Kjelgren had not been prevented from fully and fairly presenting his case and could have obtained the evidence he contends establishes the purported false testimony before trial.

[¶15] On the basis of the district court's factual findings and our standard of review, we conclude the district court did not abuse its discretion in denying his motion.

## IV

[¶16] We have considered Kjelgren's remaining arguments and conclude they are either without merit or unnecessary to our decision. The district court judgment and order are affirmed.

[¶17] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte