# Third District Court of Appeal

## State of Florida

Opinion filed December 17, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1146
Lower Tribunal No. 24-3930-CA-01
_____

**Igor Stolyar**,
Appellant,

vs.

**Dr. Leonard Hochstein, etc.**,
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Lisa S. Walsh, Judge.

Barry S. Turner, P.A., and Barry S. Turner, for appellant.

Berkeley Law, P.A., and Lorne E. Berkeley (Cooper City), for appellee.

Before EMAS, LINDSEY and BOKOR, JJ.

PER CURIAM.

Affirmed. See Young v. Achenbauch, 136 So. 3d 575, 581 (Fla. 2014)

("The standard of review for orders entered on motions to disqualify counsel

is that of an abuse of discretion. While the trial court's discretion is limited by the applicable legal principles, the appellate court will not substitute its judgment for the trial court's express or implied findings of fact which are supported by competent substantial evidence." (quotation omitted)); Comments, R. Regulating Fla. Bar 4-1.9 ("Matters are 'substantially related' for purposes of this rule if they involve the same transaction or legal dispute, or if the current matter would involve the lawyer attacking work that the lawyer performed for the former client."); Gonzalez ex rel. Colonial Bank v. Chillura, 892 So. 2d 1075, 1078 (Fla. 2d DCA 2004) (rejecting argument that Florida Rule of Professional Conduct 4-1.7 required disqualification of plaintiff's counsel in shareholder derivative action on behalf of company where same counsel also represented plaintiff individually in direct actions against company); cf. FlexFunds Holdings, LLC v. Rivero, 341 So. 3d 478, 482 (Fla. 3d DCA 2022) (affirming disqualification of counsel in action between shareholders where counsel previously represented both organization and plaintiff shareholder and instant action involved both direct and derivative claims).