# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2026 ND 4

Alan Weigel,                                                                 Plaintiff and Appellant

and

Veritas Crane LLC,                                                                          Plaintiff

v.

Jason Albertson,                                                        Defendant and Appellee

## No. 20250342

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Steven E. McCullough, Judge.

PETITION FOR SUPERVISORY WRIT DENIED AND APPEAL DISMISSED.

Opinion of the Court by Tufte, Justice.

Joel M. Fremstad, Fargo, North Dakota, for plaintiff and appellant.

Samuel J. Logterman (argued), Aaron A. Dean (on brief), and Jeffrey A. Wieland (appeared), Minneapolis, Minnesota, for defendant and appellee.

**Tufte, Justice.**

[¶1] Alan Weigel appeals from the district court order disqualifying his attorney, Joel Fremstad. In the alternative, he petitions for a supervisory writ directing vacation of the order. Although this order is not appealable, we exercise our supervisory jurisdiction to review it. We deny the petition for a supervisory writ.

I

[¶2] The district court disqualified Fremstad from representing Weigel in an action involving a business dispute with Jason Albertson over Veritas Crane, LLC, a North Dakota limited liability company that provides crane and hoist inspection, training, and related services. Albertson formed Veritas in 2018 and brought Weigel into the business in 2019. Each claims to own at least 50% of Veritas.

[¶3] Initially, the two had a good business relationship and spoke daily. Eventually, problems arose between them. In April 2025, Albertson requested that Alerus Bank lock Weigel and others out of Veritas's bank accounts, alleging fraudulent activity. Alerus placed an "administrative hold" on the accounts, requiring either joint written direction from both authorized signers (Weigel and Albertson) or a court order to release the hold. Albertson refused to authorize release of the hold. Weigel, in turn, restricted Albertson's access to Veritas's facilities.

[¶4] On May 20, 2025, Weigel filed a complaint naming himself and Veritas Crane LLC as plaintiffs. The complaint, summons, and related documents were served on Albertson on May 26, 2025. The complaint asserted both derivative claims on behalf of Veritas and direct claims by Weigel individually against Albertson. Attorney Joel Fremstad signed the complaint as "Attorney for Plaintiffs." In his amended answer, Albertson asserted both derivative counterclaims on behalf of Veritas and direct counterclaims against Weigel.

[¶5]   Albertson moved to disqualify Fremstad from representing Weigel or Veritas. The district court granted the motion. The court reasoned that because Albertson was bringing claims on Veritas's behalf, disqualification was necessary if Fremstad had a lawyer-client relationship with both Weigel and Veritas—in that case, Fremstad would be representing adverse clients in a single action in violation of N.D.R. Prof. Conduct 1.7(a).

[¶6]   The district court found that Fremstad had a lawyer-client relationship with both Weigel and Veritas. It based this finding on the following evidence. First, Veritas and Weigel are co-plaintiffs in the amended complaint, and Fremstad signed the pleadings for both. Second, Fremstad stated in a declaration that he "represented the plaintiffs," including Veritas. Third, Fremstad engaged with Albertson and his counsel to request cooperation in restoring full banking access with Alerus. Finally, in a June 23, 2025 email to Veritas employees after Weigel restricted Albertson's access to Veritas's facilities, Weigel identified himself as "CEO" and "member manager" of Veritas and stated he had acted "per my attorney's recommendation" to "maintain the integrity of the business" by locking Albertson out, and he directed employees to contact "the attorney, Joel Fremstad" regarding access issues. The court held that these objective manifestations established that Fremstad represented Veritas and disqualified him under Rule 1.7(a) because of his concurrent representation of Weigel.

II

[¶7]   We dismiss Weigel's appeal from the order disqualifying Fremstad because such orders are not immediately appealable. Weigel argues the order is appealable under N.D.C.C. § 28-27-02(3) or the collateral order doctrine.

[¶8]   "The right of appeal in this State is purely statutory." *Allen v. White Drug of Minot, Inc.*, 346 N.W.2d 279, 280 (N.D. 1984) (citing *Young v. White*, 267 N.W.2d 799, 800 (N.D. 1978)). "Only those judgments and decrees which constitute a final judgment of the rights of the parties to the action and those orders enumerated by statute are appealable." *Id*. (citing *Sheets v. Letnes, Marshall & Fiedler, Ltd.*, 311 N.W.2d 175, 178 (N.D. 1981)). A party may appeal from an order that "grants, refuses, continues, or modifies," or "dissolves an injunction or refuses to modify or dissolve an injunction." N.D.C.C. § 28-27-02(3).

[¶9]  Weigel argues that an order disqualifying an attorney is essentially an injunction as defined in N.D.C.C. § 32-06-02(1) and is therefore appealable under N.D.C.C. § 28-27-02(3). But we have held that an order disqualifying an attorney is not a form of injunctive relief. *Allen,* 346 N.W.2d at 281 (citing *Almon v. Am. Carloading Corp.,* 380 Ill. 524, 44 N.E.2d 592, 595 (1942)). Accordingly, we conclude the order is not appealable under N.D.C.C. § 28-27-02(3).

[¶10] Weigel also argues that the order is immediately appealable under the collateral order doctrine. Under this doctrine, an order is immediately appealable if it (1) conclusively determines the disputed question, (2) resolves an important issue, (3) is completely separate from the merits of the underlying action, and (4) is effectively unreviewable on appeal from a final judgment. *Allen,* 346 N.W.2d at 281. In *Allen*, we concluded an order denying disqualification of counsel was not immediately appealable and "express[ed] no opinion regarding the appealability of an order granting disqualification or denying disqualification in a criminal action." *Id*. at 282. We hold that, like an order denying disqualification in a civil case, an order granting disqualification of an attorney in a civil case is also not immediately appealable under the collateral order doctrine. We dismiss Weigel's appeal.

III

[¶11] Although the district court's order is not immediately appealable, an appeal from the judgment would not provide an adequate remedy. This is an appropriate case to exercise our supervisory jurisdiction to review the disqualification order.

[¶12] This Court has discretionary authority to issue supervisory writs exercising superintending control over inferior courts to rectify errors and prevent injustice when no adequate alternative remedy exists. *Heringer v. Haskell*, 536 N.W.2d 362, 364 (N.D. 1995) (citing N.D. Const. art. VI, § 2). This power is discretionary and cannot be invoked as a matter of right. *Id*.

[¶13] This is an appropriate case to exercise supervisory jurisdiction because a civil litigant has a protected interest in the counsel of the litigant's choice. *Thompson v. Goetz*, 455 N.W.2d 580, 587-88 (N.D. 1990). An opposing party may

3

not interfere with that choice for mere strategic or tactical reasons. *Id*. Additionally, an appeal from a final judgment is not an adequate alternative remedy for erroneous disqualification given the difficulty of showing prejudice from trying the case without counsel who was erroneously disqualified, as well as the time and expense of retrying a case with reinstated counsel. *Compare Olson v. District Court,* 271 N.W.2d 574, 578 (N.D. 1978) (reasoning that an appeal was an inadequate remedy for an order improperly denying change of venue due to "burden, expense, and delay" of retrial); *and Gonzalez ex rel. Colonial Bank v. Chillura*, 892 So. 2d 1075, 1077 (Fla. Dist. Ct. App. 2004) (holding that an order disqualifying an attorney is "a material injury without remedy on appeal"); *with Roe v. Rothe-Seeger*, 2000 ND 63, ¶ 5, 608 N.W.2d 289 (holding that an increase of time and expense by itself is not an adequate reason for the Supreme Court to exercise supervisory jurisdiction when an appeal of the final judgment is available).

[¶14] A district court's decision on a motion to disqualify counsel is reviewed for abuse of discretion. *Thompson*, 455 N.W.2d at 587. "The court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, misinterprets or misapplies the law, or its decision is not the product of a rational mental process leading to a reasoned determination." *Martinson v. Martinson*, 2010 ND 110, ¶ 15, 783 N.W.2d 633. We review findings of fact under the clearly erroneous standard. *Cavare, Inc. v. Kjelgren*, 2021 ND 236, ¶ 8, 968 N.W.2d 141 (citing N.D.R.Civ.P. 52(a)). "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing all the evidence, we are left with a definite and firm conviction a mistake has been made." *Id*. (citing *Kunz v. Slappy*, 2021 ND 186, ¶ 8, 965 N.W.2d 408).

[¶15] The district court found that Fremstad represented Veritas on the basis of outward manifestations that he was practicing law on behalf of the company. "The existence of an attorney-client relationship depends on the circumstances of the case and may be implied from the parties' conduct, but it does not depend on an express contract or the payment of fees." *In re Disciplinary Action Against Ward*, 2016 ND 115, ¶ 12, 881 N.W.2d 226. Giving legal advice constitutes the practice of law. *Cain v. Merchants Nat'l Bank & Tr. Co. of Fargo*, 66 N.D. 746, 752-

4

54, 268 N.W. 719, 722-23 (1936). The district court found that Fremstad signed several documents as "attorney for the plaintiffs" and that he also gave legal advice to Weigel in his capacity as an officer of Veritas and offered to provide legal advice to other employees regarding the business's operation. The record supports these findings, and they are not clearly erroneous.

[¶16] Fremstad's representation of Veritas creates a conflict with his representation of Weigel. A derivative claim is a claim belonging to a company that a shareholder asserts on the company's behalf—typically against officers, directors, or other insiders alleged to have harmed the company. *Nodak Mut. Ins. Co. v. Ward Cnty. Farm Bureau*, 2004 ND 60, ¶ 15, 676 N.W.2d 752; *see Gonzalez*, 892 So. 2d at 1078. Here, Albertson asserts derivative claims on behalf of Veritas against Weigel. If Fremstad represents both Veritas and Weigel, he represents parties on opposite sides of Albertson's derivative claims. Rule 1.7(a) prohibits such concurrent representation of adverse clients:

> (a) A lawyer *shall not* represent a client if the lawyer's ability to consider, recommend, or carry out a course of action on behalf of the client will be adversely affected by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests.

N.D.R. Prof. Conduct 1.7 (emphasis added).

[¶17] Unlike Rule 1.7(c), Rule 1.7(a) lacks exceptions or safe harbors, such as client consent, that would allow an attorney to represent two adverse parties. *In re Disciplinary Action Against Bullis*, 2006 ND 228, ¶ 13, 723 N.W.2d 667 (citing the comments to Rule 1.7). Representing one client would necessarily adversely affect the other client. *Id*. In such a situation, the lawyer is prohibited from undertaking or continuing representation of the adverse clients. *Id*.

[¶18] Here, the district court weighed the evidence and found Fremstad represented Veritas, creating adversity between two of his clients—Weigel and Veritas. On the basis of this finding, the court did not abuse its discretion by ordering Fremstad's disqualification.

[¶19] The district court, however, made a legal error in its reasoning, although that error was harmless. A court's error is harmless if it does not affect the

5

outcome of the case or a party's substantial rights. *Edison v. Edison*, 2024 ND 196, ¶ 27, 13 N.W.3d 110. The court stated that the derivative nature of the lawsuit reinforced its conclusion that Fremstad represented Veritas—that by signing and prosecuting the derivative claims brought by Weigel on behalf of Veritas, Fremstad necessarily acted as counsel for Veritas. As Albertson admits and as courts in other jurisdictions have held, this was legal error because a lawyer representing a shareholder bringing a derivative suit does not necessarily have a lawyer-client relationship with the company. *E.g.*, *Shen v. Miller*, 150 Cal. Rptr. 3d 783, 791 (2012); *Gonzalez*, 892 So.2d at 1077-79; *Simms v. Rayes*, 316 P.3d 1235, 1239 (Ariz. Ct. App. 2014). A finding that a lawyer in fact represented a company must be supported by more than the lawyer's representation of a shareholder bringing a derivative claim on behalf of the company. It follows that if a lawyer has in fact represented a company, that lawyer may not be counsel for a shareholder defending a derivative claim brought on behalf of that company.

[¶20] Despite this error in the district court's supportive reasoning, its finding that Fremstad represented Veritas is not clearly erroneous. The court found that Fremstad represented Veritas because Fremstad advised Weigel in his capacity as CEO and member-manager of Veritas. The email directing Veritas's employees to contact Fremstad with questions regarding the business's operation provides a sufficient factual basis to support finding a lawyer-client relationship with the company. The erroneous additional rationale was unnecessary to the decision, and any error was harmless.

IV

[¶21] We dismiss Weigel's appeal because this Court lacks jurisdiction to consider it. After reviewing the district court's order under our supervisory authority, we hold that the court did not abuse its discretion in disqualifying Fremstad. Therefore, we deny the petition for a supervisory writ.

[¶22] Lisa Fair McEvers, C.J.
    Daniel J. Crothers
    Jerod E. Tufte
    Jon J. Jensen
    Douglas A. Bahr